# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 08-3059

| | |
|---|---|
| CHARLES L. BREEDLOVE, | APPELLANT, |
| BRENDA BREEDLOVE, | MOVANT, |
| V. | |
| ERIC K. SHINSEKI,<br>SECRETARY OF VETERANS AFFAIRS, | APPELLEE. |

Before KASOLD, *Chief Judge*, and MOORMAN, and LANCE, *Judge*s.

## O R D E R

Pending before the Court is the appellant's appeal of a September 9, 2008, Board of Veterans' Appeals (Board) decision that denied his claim for entitlement to compensation under 38 U.S.C. § 1151 for injuries resulting from a door malfunction at a VA hospital. On May 18, 2009, during the pendency of this appeal, but before briefing had begun, the appellant died. The merits of this case are not currently before the panel. The issue we address is whether 38 U.S.C. § 5121A, recently enacted in 2008, applies to this appeal or otherwise forms a basis for allowing the substitution of the veteran's spouse to carry on this appeal. On January 26, 2010, the Court heard oral argument.

For the reasons discussed below, we hold that 38 U.S.C. § 5121A is not directly applicable to this Court. The enactment by Congress of 38 U.S.C. § 5121A nonetheless alters the underpinnings of this Court's jurisprudence on substitution and creates a potential "zone of no substitution" for eligible accrued-benefits claimants seeking substitution on appeal. Accordingly, we conclude that no rationale now exists for creating a limited opportunity for substitution on appeal here based on the timing of the death of a veteran. We now hold that, based on the enactment of section 5121A, a veteran's chapter 11 disability benefits claim survives the death of the veteran, not for the purpose of providing VA benefits to a veteran, but for purposes of furthering the processing of the claim of an eligible accrued-benefits claimant. We conclude that based on the change in circumstances – the enactment of section 5121A – to allow substitution on appeal here, we no longer require that the case be "submitted," which occurs when a reply brief is filed, the time for filing a reply brief has passed, or the right to file a reply brief is waived. *Pekular v. Mansfield*, 21 Vet.App. 495 (2007). For the reasons that follow, the Court will grant the motion for substitution and substitute Brenda Breedlove as the appellant in this case.

# I. BACKGROUND

On August 14, 2009, the appellant's counsel, on behalf of Brenda Breedlove, the asserted surviving spouse of the veteran-appellant, filed a motion for substitution of party, contending that such action is appropriate under the statutory provisions of 38 U.S.C. § 5121A. *See* 38 U.S.C. § 5121A(a)(1) (2008) (added by Pub. L. No. 110-389, title II, subtit. A, § 212(a), 122 Stat. 4151 (Oct. 10, 2008)). The veteran died on May 18, 2009, after the October 10, 2008, effective date of this new legislation. On April 30, 2010, in an effort to determine whether Brenda Breedlove meets the status requirements of 38 U.S.C. § 5121(a), the Court issued an order directing the Secretary to file a response informing the Court as to a decision of the VA Philadelphia Regional Office and Insurance Center (ROIC) pertaining to the status of Mrs. Brenda Breedlove as an eligible accrued-benefits claimant.[1] In response, the Secretary informed the Court that VA has determined that Mrs. Brenda Breedlove has been recognized as the appellant's widow "for any putative benefits to which she may be entitled." May 18, 2010, Secretary's Amended Response at 1.[2] Accordingly, Mrs. Brenda Breedlove qualifies as a person eligible to receive accrued benefits under section 5121(a) because she is the veteran's spouse and has filed a claim for accrued benefits within one year of the veteran's death.

# II. PARTIES' CONTENTIONS

The appellant's counsel contends that the statutory provisions of section 5121A apply to this appeal because Mr. Breedlove died while "an appeal of a decision" with respect to his claim for section 1151 benefits was "pending " and Brenda Breedlove satisfies all requirements set forth in the statute for substitution in place of her deceased husband: (1) The appellant died on May 18,

---

[1] Section 5121(a) of title 38, U.S. Code, is entitled "Payment of certain accrued benefits upon the death of a beneficiary" and provides:

> (a) Except as provided in sections 3329 and 3330 of title 31, periodic monetary benefits (other than insurance and servicemen's indemnity) under laws administered by the Secretary to which an individual was entitled at death under existing ratings or decisions or those based on evidence in the file at date of death (hereinafter . . . referred to as "accrued benefits") and due and unpaid, shall, upon the death of such individual be paid as follows:
>> . . . .
>
>> (2) Upon the death of a veteran, to the living person first listed below:
>>> (A) The veteran's spouse.
>>> . . . .
> . . . .

38 U.S.C. § 5121(a). Section 5121(c) provides that "Applications for accrued benefits must be filed within one year after the date of death." 38 U.S.C. § 5121(c).

[2] The Secretary attached to his response a letter from the VA ROIC dated May 7, 2010, which noted its decision on Mrs. Brenda Breedlove's claim for death benefits. May 18, 2010, Secretary Amended Response, Attachment. The ROIC granted one month of death pension benefits (for June 2009), denied accrued benefits because the veteran was not entitled to any benefits, and denied her claim for dependency and indemnity compensation. *Id.*

2009, after the enactment of section 5121A; (2) Brenda Breedlove, as the surviving spouse of the deceased veteran, is eligible to receive accrued benefits under section 5121(a)(2); and (3) the instant motion for substitution was filed "not later than one year" after Mr. Breedlove's death. At oral argument, counsel expressed the view that, in light of the congressional intent in enacting section 5121A, it would not be satisfactory for this Court to continue to follow its decision in *Pekular v. Mansfield*, 21 Vet.App. 495 (2007), because of the delay that would result from requiring Mrs. Breedlove essentially to restart the claim for benefits at VA. In *Pekular*, this Court denied a motion to substitute the surviving spouse of the veteran as the appellant because the veteran died before the expiration of the time to file his reply brief – that is, he died before "his case was submitted for decision." *Id*. at 505.

Although the Secretary, in his opposition to the motion for substitution in *Breedlove*, did not analyze the recently enacted substitution statute, section 5121A, the Secretary did analyze the statute in his October 27, 2009, opposition to a motion for substitution filed in *Uphoff*, No. 08-2631, which was consolidated with *Breedlove* prior to the dismissal of the *Uphoff* appeal. The Secretary argues that section 5121A is limited to matters still pending before VA and is not applicable to appeals pending before the Court. *Uphoff*, U.S. Vet. App. No. 08-2631, Secretary's Opposition at 8-15 (Oct. 27, 2009). The Secretary asserts that the language of section 5121A(a)(1) regarding substitution is unclear as to whether it refers to appeals pending before VA only or also to appeals pending before this Court. The Secretary, however, maintains that in reading section 5121(a)(1) in the context of the whole statute and in relation to other statutes, it becomes apparent that the provision does not apply to the courts.

In addition, the Secretary contends that the legislative history shows that the congressional intent was to improve the "disability claims processing system" and that history discussed concepts that are clearly applicable to a claim pending before VA and not within the province of the Court. *Id*. at 12-13; *see* Secretary's November 24, 2009, Notice of Supplemental Authorities, Appendix (Appendix) (containing legislative history for 38 U.S.C. § 5121A). During oral argument in the instant appeal, the Secretary argued that the plain language of the statute, demonstrated by its placement within title 38 and by its provisions that delegate authority to the Secretary, indicates that the statute applies only to the Agency and not to the Court. The Secretary contends that the Court should deny the motion for substitution because caselaw allows substitution only in limited circumstances and this case does not meet those circumstances. Specifically, the Secretary argues that the instant case fits squarely within the circumstances of *Pekular* because the instant appeal was not "submitted for decision" at the time of Mr. Breedlove's death.

## III. ANALYSIS

The question before the Court is whether a proper interpretation of the statutory provision, 38 U.S.C. § 5121A, requires that substitution be allowed when a claimant dies while his appeal is pending either at the Court or at VA or whether the statutory provision applies only to VA. The Court interprets a statute de novo. *See* 38 U.S.C. § 7261(a)(1); *Majeed v. Nicholson*, 19 Vet.App. 525, 530-31 (2006); *see also Lane v. Principi*, 339 F.3d 1331, 1339 (Fed. Cir. 2003) ("[I]nterpretation of a statute or regulation is a question of law . . . .").

**A. The 2008 Statute, 38 U.S.C. § 5121A**

Section 5121A allows the filing of a request for substitution if a claimant dies while his or her "appeal of a decision" with respect to a claim for a benefit is pending. Section 5121A provides:

> (a) Substitution.– (1) If a claimant dies while a claim for any benefit under a law administered by the Secretary, *or an appeal of a decision with respect to such a claim, is pending*, a living person who would be eligible to receive accrued benefits due to the claimant under section 5121(a) of this title may, not later than one year after the date of the death of such claimant, file *a request to be substituted* as the claimant for the purposes of processing the claim to completion.
>
> (2) Any person seeking to be substituted for the claimant shall present evidence of the right to claim such status within such time as prescribed by the Secretary in regulations.
>
> (3) Substitution under this subsection shall be in accordance with such regulations as the Secretary may prescribe.
>
> (b) Limitation.– Those who are eligible to make a claim under this section shall be determined in accordance with section 5121 of this title.

38 U.S.C. § 5121A (emphasis added). When this statute was enacted in October 2008, a VA regulation directed the Board to dismiss an appeal pending before the Board when the appellant died. Specifically, § 20.1302 of title 38, Code of Federal Regulations, provided: "An appeal pending before the Board of Veterans' Appeals when the appellant dies will be dismissed." 38 C.F.R. § 20.1302 (2008).

**B. Statutory Interpretation**

"'Statutory interpretation begins with the language of the statute, the plain meaning of which we derive from its text and its structure.'" *Myore v. Nicholson*, 489 F.3d 1207, 1211 (Fed. Cir. 2007) (quoting *McEntree v. MSPB*, 404 F.3d 1320, 1328 (Fed. Cir. 2005)); *see Gardner v. Derwinski*, 1 Vet.App. 584, 586 (1991) ("Determining a statute's plain meaning requires examining the specific language at issue and the overall structure of the statute." (citing *Bethesda Hosp. Ass'n v. Bowen*, 485 U.S. 399, 403-05 (1988))), *aff'd*, 5 F.3d 1456 (Fed. Cir.1993), *aff'd*, 513 U.S. 115 (1994); *Sharp v. Shinseki*, 23 Vet.App. 267, 271 (2009); *see also McGee v. Peake*, 511 F.3d 1352, 1356 (Fed. Cir. 2008). If "the plain meaning of a statute is discernable, that 'plain meaning must be given effect,'" *Johnson v. Brown*, 9 Vet.App. 369, 371 (1996) (quoting *Tallman v. Brown*, 7 Vet.App. 453, 460 (1995)), unless a "'literal application of [the] statute will produce a result demonstrably at odds with the intention of its drafters,'" *Gardner*, 1 Vet.App. at 586-87 (quoting *Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564 (1982)); *see also Roper v. Nicholson*, 20 Vet.App. 173, 180 (2006).

The language of section 5121A allows a request for substitution to be filed under certain circumstances. Subsection (a)(1) provides:

> If a claimant dies while a claim for any benefit under a law administered by the Secretary, *or an appeal of a decision with respect to such a claim, is pending*, a living person who would be eligible to receive accrued benefits due to the *claimant* under section 5121(a) of this title may, not later than one year after the date of the death of such *claimant*, file a request to be substituted as the *claimant for the purposes of processing the claim to completion*.

38 U.S.C. § 5121A(a)(1) (emphasis added). We note that the Board is an administrative body that decides appeals from denials of claims for veterans benefits. The statute is silent on the issue of whether "an appeal of a decision" refers to an appeal that is pending at the Board only or also to an appeal that is pending at an appellate court, such as this Court, the U.S. Court of Appeals for the Federal Circuit (Federal Circuit), and the U.S. Supreme Court.

However, the same statutory subsection refers multiple times to the "claimant" and also expressly states that the purpose of the substitution is for "processing the claim to completion." This language indicates persons and events at the Agency level, not parties to litigation in an appellate court. The term "claimant" means "any individual applying for, or submitting a claim for, any benefit under the laws administered by the Secretary." 38 U.S.C. § 5100. Congress chose to use that term throughout chapter 51, the chapter that deals specifically with claims and the Secretary's obligations – for example, the Secretary's duty to notify and assist claimants (38 U.S.C. §§ 5102, 5103, 5103A, 5104), to give the benefit of the doubt to the claimant (38 U.S.C. § 5107), to reopen a claim (38 U.S.C. § 5108), to secure an independent medical opinion (38 U.S.C. § 5109). Chapter 51 also addresses effective dates of awards (38 U.S.C. §§ 5110-5113) and the payment of benefits (38 U.S.C. §§ 5120-5126). The use of the term "claimant" is consistent with the provisions in chapter 51, which pertain to the Secretary and the Secretary's obligations.

In contrast, Congress chose to use the term "appellant," not "claimant," consistently throughout chapter 72, which is entitled "U.S. Court of Appeals for Veterans Claims" and pertains to Court matters. *See*, *e.g.*, 38 U.S.C. § 7263(b) ("Representation of appellants shall be in accordance with the rules of practice prescribed by the Court under section 7264 of this title."); 38 U.S.C. § 7264 (b) (providing for service of documents "to the address furnished by the appellant"); 38 U.S.C. § 7266(b) (describing how "[a]n appellant shall file a notice of appeal"); 38 U.S.C. § 7268 ("After the decision of the Court in a proceeding becomes final, the Court may, upon motion of the appellant or the Secretary, permit the withdrawal by the party entitled thereto of originals of books, documents, and records . . . ."); 38 U.S.C. § 7292 (discussing review by the Federal Circuit and providing for certifications of questions under certain circumstances where there is "disagreement between the appellant and the Secretary"). The only reference to "claimants" in chapter 72 is found in section 7261(a)(4), which provides that this Court, to the extent necessary to its decision and when presented, shall "in the case of a finding of material fact adverse to the claimant made in reaching a decision in a case before the Department with respect to benefits under laws administered by the Secretary, hold unlawful and set aside or reverse such finding if the finding is clearly erroneous." 38 U.S.C. § 7261(a)(4). The reference to "claimant" here again is associated with proceedings before the Agency; specifically, a decision by the Agency that contains a finding of fact that is adverse to a claimant.

As it used the term "claimants" in sections of title 38 that pertain to the Secretary, Congress similarly chose to use the term "processing claims" in, in addition to section 5121A ("processing the claim"), section 7732A, another section that pertains specifically to the Agency. This section is contained within chapter 77, entitled "Veterans Benefits Administration," and was added to title 38 in October 2008 as part of the same bill that contained section 5121A. Section 7732A provides for examinations and certifications of appropriate employees and managers of the Veterans Benefits Administration "who are responsible for *processing claims* for compensation and pension benefits under the laws administered by the Secretary." 38 U.S.C. § 7732A (emphasis added).

In addition to the terms used in the relevant subsection of section 5121A, the Court looks to the overall structure of section 5121A for guidance in determining the plain meaning of the statute. *See Sharp*, 23 Vet.App. at 273. The Secretary persuasively argues that the overall structure, placement, and context of section 5121A show that section 5121A applies only to substitution while a claim or appeal is pending at VA and not to substitution while an appeal is pending at a court. First, the Court must read the three subsections of section 5121A, which all appear under "substitution" – (a)(1), (a)(2), and (a)(3) – as a whole. "'[E]ach part or section [of a statute] should be construed in connection with every other part or section so as to produce a harmonious whole.'" *Meeks v. West*, 12 Vet.App. 352, 354 (1999) (quoting 2A N. SINGER, SUTHERLAND ON STATUTORY CONSTRUCTION § 46.05 (5th ed. 1992)). In this regard, several subsections of section 5121A are incongruous with appellate review in this Court. Section 5121A(a)(2) provides that any person seeking to be substituted for the claimant must present evidence of the right to claim such status. This Court, being a court of review, does not normally take evidence in the first instance or adjudicate such factual issues de novo. *See* 38 U.S.C. § 7252(b) ("Review in the Court shall be on the record of proceedings before the Secretary and the Board."). Evidence of eligibility must first be presented to VA.

In addition, subsections (2) and (3) of section 5121A explicitly provide that substitution shall be governed by regulations prescribed by the Secretary. It would be incongruous to charge the Secretary with promulgating regulations that would potentially affect whether this Court will permit substitution in a particular appeal. As noted by the Secretary, this Court and the Federal Circuit have independent authority over substitution as evidenced by such cases as *Hyatt v. Shinseki*, 566 F.3d 1364 (Fed. Cir. 2009); *Padgett v. Nicholson*, 473 F.3d 1364 (Fed. Cir. 2007); *Pekular*, 21 Vet.App. at 502. Prescription by the Secretary as to how the Court is to allow and implement substitution would violate the separation of powers doctrine. *See generally Mistretta v. U.S.*, 488 U.S. 361, 383 (1989) (noting the Court's vigilance, inter alia, "that no provision of law 'impermissibly threatens the institutional integrity of the Judicial Branch.'" (quoting *Commodity Futures Trading Comm'n v. Schor*, 478 U.S. 833, 851 (1986))); *see Bankers Trust N.Y. Corp. v. United States*, 225 F.3d 1368, 1376 (Fed. Cir. 2000) (holding that, pursuant to a basic application of the separation of powers doctrine, an executive agency (U.S. Internal Revenue Service) was not free to overturn by regulation the decision of its reviewing court (Court of Federal Claims)). This is not the manner in which the rule of law operates. *See also Ramsey v. Nicholson*, 20 Vet.App. 16, 38 (2006) (noting that the Secretary is bound by decisions of this Court and that "for the Board to predicate an order on its disagreement with the Court's interpretation of a statute or regulation is to operate outside the law").

Second, 38 U.S.C. § 5121A was codified in part IV of title 38, U.S. Code, which encompasses "General Administrative Provisions" for the programs administered by the Secretary. *Id.* at 10-11. Part IV includes chapter 51, which, as discussed above, prescribes rules for filing claims with VA (subchapter 1), VA's calculating effective dates (subchapter II), and VA's paying of benefit awards (subchapter III). In contrast, the provisions respecting Court procedures are codified in a different part and chapter of title 38, i.e., part V, chapter 72.

Finally, when Congress enacted section 5121A, Congress placed the relevant provisions of the bill in section 212 of title II – Modernization of the Department of Veterans Affairs Disability Compensation System, which involved provisions to improve claims processing at VA – and not in title VI, which pertained to Court matters. *See* Appendix at 212, 214-15, 218-21 (Tab 13) (Veterans' Benefits Improvement Act of 2008 (compromise reached by House and Senate), S. 3023, as amended, 154 CONG. REC. H9387-01 (Sept. 24, 2008)).

We hold that the plain meaning of "an appeal of a decision," within the overall structure of section 5121A, refers to an appeal that is pending at VA only. *See Gardner*, 1 Vet.App. at 586-87. We note that the appellant's reliance on the recent decision from the Federal Circuit in *Phillips v. Shinseki*, 581 F.3d 1358, 1363 n.1 (Fed. Cir. 2009), is not persuasive. Although the Federal Circuit stated, in a footnote, that the provisions of section 5121A "allow substitution of such [accrued-benefits] claimants as a matter of course]," the Federal Circuit expressly stated that it was not applying section 5121A because its provisions were "inapplicable": The effective date of the statute, which is October 10, 2008, and its provisions apply to claimants who die on or after October 10, 2008. The Federal Circuit did not analyze the language of the statute or its legislative history.

The application of the plain meaning is not at odds with the intent of the drafters. Rather, the legislative history of section 5121A supports the plain meaning because it shows that the intent of Congress was to improve and modernize VA claims processing, not the Court. *See Davis v. Shinseki*, 222 Vet.App. 352, 355 (2009) (explaining how legislative history supported plain language of 38 U.S.C. 5102(b)); *see also Glaxo Operations U.K. Ltd. v. Quigg*, 894 F.2d 392, 396 (Fed. Cir.1990) ("[E]ven when the plain meaning of the statutory language in question would resolve the issue before the court, the legislative history should usually be examined at least 'to determine whether there is a clearly expressed legislative intention contrary to the statutory language.'" (quoting *Madison Galleries, Ltd. v. United States*, 870 F.2d 627, 629 (Fed. Cir.1989))); Appendix at 79, 81 (hearing on H.R. 3047 and H.R. 4084 before the Subcommittee on Disability Assistance and Memorial Affairs of the House Committee on Veterans' Affairs, 110th Cong. 110-60 (statement of Rep. Hall, Chairman, House Comm. on Veterans' Affairs) (Nov. 8, 2007) (introducing a version of the bill that would later include section 5121A, H.R. 4084, and referring to the "disability claims processing system"))); *see* Appendix at 35, 71 (discussing prior versions of the bill).

Accordingly, the plain language of section 5121A precludes an interpretation that Congress intended the word "appeal" to apply to appeals before courts – whether the Supreme Court, the Federal Circuit, or this Court.

## C. Substitution in Appeals Before the Court

As discussed above, the provisions of section 5121A apply to claims and appeals pending at VA and create the possibility of substitution in the VA claims adjudication system. During VA proceedings, an eligible accrued-benefits claimant may now request substitution during the one-year period after the death of the veteran on "a claim for any benefit under a law administered by the Secretary," thus negating VA's regulatory requirement in § 20.1302 that the Board must dismiss any claim after the death of the veteran.[3] In allowing substitution on a veteran's claim for "any benefit," the statute permits an eligible accrued-benefits beneficiary to now continue the merits adjudication of a veteran's claim for disability compensation under chapter 11 even though the veteran has died and no longer would be able to receive the VA benefits. In enacting section 5121A, Congress has directly addressed the treatment of chapter 51 accrued-benefits claims by survivors in the context of veterans' chapter 11 claims for disability compensation. As discussed below, although section 5121A applies to claims at the Agency level, Congress's action necessarily affects this Court's jurisprudence because it has altered the underpinnings of certain Court decisions regarding substitution and has created a potential "zone of no substitution" for eligible accrued-benefits claimants. We now address those matters and conclude that the new legislation warrants a change in the Court's consideration of substitution in appeals before the Court.

### 1. The Court's Current Caselaw on Substitution

To understand the Court's current practice regarding substitution, the Court's recent cases must be read in the context of the cases upon which they are based. Prior to 1994, the Court's practice was to routinely permit substitution of parties, under its then-current Rule 43(a), upon the death of an appellant while the case was pending before the Court.[4] *See*, *e.g.*, *Helige v. Principi*, 4 Vet.App. 32 (1993) (substituting veteran's spouse as the appellant); *see also Landicho v. Brown*, 7 Vet.App. 42, 47 (1994) (noting routine practice). In the 1994 *Landicho* decision, the Court repudiated this practice of permitting substitution under the circumstances presented there. *Landicho*, 7 Vet.App. at 48-54. There, the veterans in the consolidated case had filed Notices of Appeal and had subsequently died before their appeals on claims for entitlement to service connection (for various conditions for purposes of disability compensation under chapter 11 of title 38, U.S. Code) were resolved by the Court. The Court dismissed the appeals for lack of jurisdiction, holding that substitution was not proper to carry on the appeals of the deceased veterans in this Court because a veteran's pending claim under chapter 11 does not survive the veteran's death and because an accrued-benefits claim was not then pending before the Court. *Id.* at 47-48. The Court discussed the statutory scheme of chapter 11, chapter 13 (DIC provisions) and chapter 51

---

[3] *See Loreth v. Shinseki*, 23 Vet.App. 159, 162 (2009) (noting that 38 C.F.R. § 20.1302 is not limited to claims for disability compensation but broadly applies to claims for other benefits as well).

[4] Under then-extant Rule 43(a)(2) of the Court's Rules of Practice and Procedure, for "any person claiming entitlement to accrued benefits under 38 U.S.C. § 5121(a), the personal representative of the deceased party's estate, or any other appropriate person may be substituted as a party on motion by such person or by any party."

(accrued-benefits provisions), noting that chapter 11 "makes no provision for survivors," chapter 13 provides for the award of DIC survivors benefits, and that the law provides for the termination of disability compensation by reason of the veteran's death. *Id.* at 47. The Court concluded that the "overall statutory scheme thus creates a chapter 11 disability compensation benefit that does not survive the eligible veteran's death." *Id.*

The Court in *Landicho* further noted that Congress set forth the procedure for a qualified survivor to carry on a deceased veteran's claim only in the accrued-benefits provisions in section 5121:

> It is *only* in the accrued-benefits provisions in section 5121 that Congress has set forth a procedure for a qualified survivor to carry on, to the limited extent provided for therein, a deceased veteran's claim for VA benefits by submitting an application for accrued benefits within one year after the veteran's death. *See* 38 U.S.C. § 5121(a), (c).

*Landicho*, 7 Vet.App. at 47 (emphasis added).

The Court then considered, given the separateness of the claims, whether for a claimant under section 5121 there was a continuing "case or controversy" under Article III before the Court and whether such a claimant would have standing to pursue the pending appeal. The Court held that there was no case or controversy because there was no relief the Court could provide to the deceased veterans because their claims under chapter 11 died with them, and no relief could be provided to the survivors "because any claims they may have are not before the Court." *Id.* at 49. Furthermore, the Court held that the section 5121 accrued-benefits claimants had no standing to pursue the veterans' claims because they were not "adversely affected" by the Board decisions on appeal. *Id.*; *see* 38 U.S.C. § 7266(a) (providing that "a person adversely affected" by a final Board decision must file a Notice of Appeal in this Court within 120 days after notice of the decision is mailed). The Court determined that there was no injury to the potential accrued-benefits claimants caused by the Board decisions because each of the Board decisions in the two appeals had been rendered a nullity. Each appeal had been rendered a nullity (i.e., without force or effect) because the Board decisions were in a *state of nonfinality* at the date of the veterans' deaths (Board decisions became nonfinal by the timely filing of an NOA) and because the Board decisions "*could no longer serve any adjudicatory purpose* since the veteran's claims had died with him." *Id.* at 53 (emphasis added). The Court determined that because the appeals had become moot, the appropriate course was to vacate the appealed Board decision (and underlying VA regional office (RO) decision) so as to prevent the Board decision "'from spawning any legal consequences.'" *Id.* at 53-54 (quoting *United States v. Munsingwear*, 340 U.S. 36, 39 (1950)).

In *Zevalkink v. Brown*, the Federal Circuit expressly upheld this Court's decision in *Landicho* that a claim for service connection does not survive a veteran's death and that substitution was not appropriate because the accrued-benefits claimant lacked standing to pursue the appeal. 102 F.3d 1236, 1243-44 (Fed. Cir. 1996). The Federal Circuit determined that the surviving spouse was not "adversely affected" by this Court's refusal to allow her to substitute herself for her deceased

husband, emphasizing that a claim for accrued benefits was a claim separate from the claim for disability compensation benefits. *Id.* It observed that "an accrued benefits claim is separate from the veteran's underlying claim for service connection and disability compensation." 102 F.3d at 1243. The Federal Circuit further noted that the separate accrued-benefits claim has its own procedural requirements and its own procedures for administrative adjudication, including a requirement that "an accrued benefits claimant must file a separate NOD with the RO to initiate appellate review." *Id.* at 1243-44.[5] The Federal Circuit concluded that "after a veteran's death, the claim is no longer one for disability compensation but rather one for accrued benefits." *Id.* at 1244. Regarding standing, the Federal Circuit explained:

> The administrative and appellate procedures available to [an accrued-benefits claimant] on her separate claim ensure that she will not suffer injury by the Court of Veterans Appeals' decision to deny substitution. Any delay inherent in pursuing her own claim, *when this procedure is established by statute*, does not constitute the kind of actual or threatened injury that confers standing.

*Zevalkink*, 102 F.3d at 1244. The Federal Circuit rejected the appellant's challenge to the principle that a claim for service connection does not survive a veteran's death. *Id.*; *see also Haines v. West*, 154 F.3d 1298, 1300-02 (Fed. Cir. 1998) (holding that the provision regarding clear and unmistakable error in section 5109A "cannot be read as providing a procedure for adjudication or payment of veterans benefits to survivors. The only statutory basis providing such a remedy is section 5121.").

Subsequently, the Federal Circuit further refined its view of *Landicho* and *Zevalkink* and held that, in certain circumstances, an accrued-benefits claimant may be substituted for the deceased veteran on the disability benefits claim in order to protect the accrued-benefits claimant's legal interests. In *Padgett*, the Federal Circuit distinguished *Zevalkink* and reversed this Court's denial of Mrs. Padgett's motion to be substituted on her deceased husband's appeal based on its determination that she had standing to pursue his claim. 473 F.3d 1364 (Fed. Cir. 2007). *Padgett* involved a case where this Court had issued an en banc opinion, reversing a Board decision and remanding for the assignment of a disability rating and effective date, and the Court was subsequently informed that the appellant had died more than six months earlier. Despite *Zevalkink*'s analysis describing the nature of an accrued-benefits claim as being separate from a veteran's underlying claim for service connection, the Federal Circuit in *Padgett* found that the accrued-benefits claimant did have standing to permit substitution on the veteran's claim for service

---

[5]In addition, as noted by this Court's more recent decision in *Pekular*, the Federal Circuit's decision in *Zevalkink* altered the jurisdictional aspect of *Landicho* because in *Zevalkink* the Federal Circuit did not conclude that dismissal of the appeal was the only possible result. *Pekular*, 21 Vet.App. at 499. The Federal Circuit in *Zevalkink* noted that this Court had determined that the accrued-benefits claimant must pursue her claim for accrued benefits separately from her husband's claim in part because her status as the appropriate claimant had not been adjudicated. The Federal Circuit stated that this Court "could perhaps remand the question of whether [a person] qualifies as an accrued benefits claimant to the RO," but the Federal Circuit did not require that this Court grant a limited remand in that case. *Zevalkink*, 21 Vet.App. at 1244.

connection, 473 F.3d at 1370, first, concluding that "[t]he continuing relevance and preclusive effect that the issues decided in Padgett's appeal have for her section 5121(a) claim are sufficient to meet the 'case or controversy' requirement," *id.* Second, the Federal Circuit concluded that Mrs. Padgett's claim for accrued benefits would be "adversely affected" by the Board decision "in the same way it adversely impacted Padgett's claim at the time he filed his notice of appeal." *Id.*

The Federal Circuit in *Padgett* recognized that the issues decided in the veteran's disability compensation claim were issues related to the accrued-benefits claim. Specifically, the Federal Circuit stated that failure to give effect to the Court's en banc opinion reversing the Board decision would be improper because "it would disregard the otherwise final determination of issues relating to the accrued-benefits claim." *Id.* at 1369. Again, the Federal Circuit in *Padgett* emphasized that substitution of the accrued-benefits claimant on the veteran's appeal and the entry of judgment nunc pro tunc as of the time of the veteran's death "furthers judicial and administrative economy by not requiring *relitigation* and *readjudication* of issues already decided by the veterans Court." *Id.* at 1370 (emphasis added). The Federal Circuit thus recognized the similarity in the merits adjudication of the claims of an accrued-benefits claimant and the underlying claims of the veteran.

Relying on *Padgett*, this Court in October 2007 issued its decision in *Pekular*, holding that substitution is allowed in this Court only if a veteran died *after* briefing of the case on the merits was completed. The Court held that the appropriateness of substitution is determined based upon whether the veteran's case had been "submitted for decision" before the veteran's death. The Court established a three-part test that must be satisfied to permit substitution and adjudication on the merits as in *Padgett*, rather than vacatur and dismissal as in *Landicho*: "First, the matter must have been submitted for decision [prior to the appellant's death]. Second, substitution must be appropriate – that is, the party seeking substitution must have standing. Third, the interests of justice and fairness must support substitution." *Pekular*, 21 Vet.App. at 502. If the test is not satisfied, then the Court is to deny substitution and vacate and dismiss, as in *Landicho*. The Court in *Pekular* specifically noted that "*Landicho* remains a viable precedent, subject to the test we set forth in this opinion derived from *Padgett*." *Id.* at 501. The Court explained that when faced with a motion for substitution, one of two routes will be applicable: Either *Landicho* applies or *Padgett* applies. *Id.* The Court further held that a case "is submitted" to the Court "upon completion of the briefing period, which occurs when one of the following three events happens: (1) The filing of the appellant's reply brief, (2) the expiration of the time to file a reply brief, or (3) the filing of a waiver of the right to file a reply brief." *Id.* at 505. The Court held that "substitution of an accrued benefits claimant is warranted only if one of these events occurs prior to the death of the appellant." *Id.* Applying this test, the Court determined that Mr. Pekular had died prior to the submission of his case and, therefore, denied the motion to substitute and dismissed the appeal, pursuant to *Landicho*. *Id.*

The next two cases from the Federal Circuit – *Hyatt* and *Phillips* – do not directly assist this Court in addressing the issue whether the Court's continued adherence to *Landicho* and *Zevalkink* is warranted in light of the enactment of section 5121A. *See Hyatt v. Shinseki*, 566 F.3d 1364, 1370-71 (Fed. Cir. 2009) (affirming this Court's denial of substitution, where the veteran had died after the Court had issued a favorable decision but before it had entered judgment, concluding that the accrued-benefits claimant lacked standing; withdrawal of this Court's merits decision would not

adversely affect the accrued-benefits claimant because the decision would not materially assist her in prosecuting her claim); *Phillips*, 581 F.3d at 1368 (reversing this Court's judgment in the consolidated cases, holding that (1) the daughter of Mr. Davis had standing to be substituted for him, assuming she preserved her rights as an accrued-benefits claimant, because this Court's decision on the merits of the veteran's claim – remanding based on an erroneous medical examination report– "remove[d] a significant roadblock" from her path to obtaining accrued benefits, and vacating this Court's opinion would have an "adverse effect" on her; and (2) both veterans' daughters, subject to being determined to be proper representatives of the veterans' estates, were entitled to substitution for purposes of prosecuting their fathers' EAJA claims because "an EAJA claim survives the death of the veteran, regardless of whether the EAJA application was actually filed by the veteran-claimant prior to his death.").

## 2. Impact of Section 5121A on Caselaw

With the enactment of section 5121A, Congress has now, in some critical respects, altered the previously legislated distinction between a veteran's disability-benefits claim and an accrued-benefits claim discussed and analyzed by this Court and the Federal Circuit in *Landicho* and *Zevalkink*. By recognizing that an accrued-benefits claimant may pursue the veteran's claim, Congress has decided to change the distinction that had been gleaned as congressional intent from the statutory schemes of chapter 11 and chapter 51. *Pekular* stated that *Padgett* created two routes for this Court to follow – (1) follow *Landicho* and vacate the underlying Board decision, dismiss the appeal, and the accrued-benefits claim begins anew at VA the adjudication of the merits of the claim for benefits, or (2) follow *Padgett* and allow substitution on appeal at the Court. In light of new section 5121A, there are still two routes, but the first route has become more narrow and the second route wider. Congress has now indicated that the congressional intent to treat a veteran's claim as an entirely separate statutory entity from a survivor's accrued-benefits claim no longer exists. Thus, the essential statutory analysis of *Landicho* – i.e., the statutory scheme legislated distinctions between an accrued-benefits claim and a veteran's claim and required a separate adjudicative proceeding on the accrued-benefits claim to provide the relief sought by an eligible accrued-benefits claimant – is no longer applicable and *Landicho* is inconsistent with the now clearly expressed congressional intent underlying the new legislation. We consequently hold that the *Landicho* imperative to dismiss a case pending before this Court, despite the existence of a person who meets the status requirements of section 5121(a) and is, therefore, eligible to receive accrued benefits, is now largely inapplicable.

The common foundation for *Landicho* and *Zevalkink* and this Court's practice of dismissing appeals is the doctrine that a veteran's claim dies with the veteran. This foundation has now shifted with the enactment of section 5121A because a claim for VA benefits no longer necessarily dies with the veteran. The legislation expressly recognizes that an accrued-benefits claimant, in appropriate cases, can continue *the veteran's* claim. By expressly allowing substitution throughout the administrative process, including the substantive appeal of a veteran's claim within VA, Congress has largely altered the distinction previously drawn by *Landicho* and *Zevalkink* between the deceased veteran's claim and that of the surviving eligible accrued-benefits claimant. Any

12

remaining distinction has been reduced to the administrative requirement of filing an accrued-benefits claim and the determination of eligibility for accrued benefits.

### 3. Elimination of "Zone of No Substitution" on Appeal

We conclude that no rationale now exists for foreclosing the opportunity for substitution on appeal at this Court based on the timing of the death of the veteran. Our existing practice permits substitution after the case "was submitted" to the Court – i.e., where the death occurred after the briefing was completed. With the enactment of section 5121A, Congress legislated the option of substitution up to the date of the Board decision. The legislation thereby created a potential "zone of no substitution" for eligible accrued-benefits claimants who wished to substitute themselves for the deceased veteran where the veteran had died *after* issuance of the Board decision but *before* the expiration of the time for filing a reply brief in this Court. If this Court continued to follow *Pekular* subsequent to the enactment of this legislation, we would be denying substitution where veterans had died during this window of time. This "zone of no substitution" between issuance of the Board decision and "submission" of the case would be based on no rational distinction because, as Congress has indicated in enacting section 5121A, the veteran's disability benefits claim does not die with the veteran and the accrued-benefits claim by a survivor no longer represents a separate interest that must be separately pursued apart from the veteran's underlying claim for benefits.

With the enactment of section 5121A, the circumstances considered in *Landicho*, *Zevalkink*, and *Pekular* have changed. To continue to apply those cases in dismissing appeals at the Court even though there is an eligible accrued-benefits claimant, based solely on incomplete briefing on appeal, would be inconsistent with a statutory analysis which now includes the recently enacted substitution statute. Congress enacted the substitution statute, section 5121A, to address the concern of delay, unfairness, and inefficiency. *See* Appendix at 166 (H.R. Rep. No. 110-789, at 17 (July 29, 2008) (Committee on Veterans' Affairs report to accompany H.R. 5892). To continue to bar substitution in this Court because a veteran died too early (before his final brief was filed) or too late (after the issuance of the Board decision) and thereby require eligible survivors to begin an entirely new proceeding at VA to adjudicate the essence of the same claim already before the Court is inconsistent with the change in the legislative scheme. The change to the VA administrative process is within congressional prerogatives. And, while not applicable to the Court, logic now dictates a different approach by the Court subsequent to the passage of the new legislation.

Therefore, we now hold that, based on the enactment of section 5121A, a veteran's chapter 11 disability benefits claim survives the death of the veteran, not for the purpose of providing VA benefits to a veteran, but for the purpose of furthering the claim of an eligible accrued-benefits claimant. Since Congress has now created an avenue for an accrued-benefits claimant to continue to pursue a veteran's claim within VA after the veteran's death, the Court henceforth will consider substitution, if requested, in all cases pending before the Court regardless of the stage of briefing at the time of a veteran's death. An eligible accrued-benefits claimant is "adversely affected" by the appealed Board decision denying a veteran's claim for benefits and has standing to pursue substitution on the veteran's claim because he or she is affected by the VA adjudications on the veteran's claim in the same way the veteran was affected at the time he filed his Notice of Appeal.

38 U.S.C. § 7266(a) ("In order to obtain review by [this Court] of a final decision of the Board . . . , a person adversely affected by such decision shall file a notice of appeal . . . .").

To be clear, the adverse effect of a Board decision can be removed by applying the remedy established in *Landicho*, *supra*; i.e., by vacating the Board decision and dismissing the appeal. When such action is taken, the accrued-benefits claimant may have his or her claim processed de novo, without any preclusive effect from the previous Board decision, now vacated. Thus, an accrued-benefits claimant has two options. One option is to request substitution and thus to carry on the appeal of a deceased veteran through the judicial process – and now without the "zone of no substitution." The other is, by not requesting substitution, to permit the Board decision on a deceased veteran's claim to be vacated, and to pursue the accrued-benefits claim anew.

If substitution is sought in this Court, it remains within the Court's discretion to permit substitution. The Court must first obtain from the Secretary a determination as to whether a particular movant is an eligible accrued-benefits claimant. This is a factual determination that, unless conceded by the Secretary on appeal, must be made by VA in the first instance. Those who are eligible to make a claim for accrued benefits are determined in accordance with section 5121. This Court may remand the question of whether a person qualifies as an accrued benefits claimant, stay the appeal until a determination by VA is made, or direct the Secretary to inform the Court of his determination within a set period of time. *See Zevalkink*, 21 Vet.App. at 1244. If the accrued-benefits status of a person seeking substitution legitimately is in dispute, the Court may take any of the actions noted above, or deny substitution, vacating the Board decision and dismissing the appeal. This is because the granting of substitution is based not only on the interest of the potential accrued-benefits beneficiary in the outcome of the veteran's appeal, but also on considerations of delay, unfairness, and inefficiency, and those considerations may weigh in favor of letting the accrued-benefits claim be adjudicated below de novo. As noted in *Landicho*, *Zevelkink*, and *Padgett*, there is no prejudice in such action, as there is no judicial decision to preserve. Finally, when accrued-benefits status is established by decision below or concession by the Secretary, standing is established, and substitution generally will be permitted, subject, as always, to judicial decision that it is the appropriate course of action in that particular case. *See* U.S. VET.APP. R. 43 (a) (providing that, after Notice of Appeal has been filed and upon death of a party, substitution may be granted "to the extent permitted by law"); *see also Padgett*, 473 F.3d at 1370-71 (noting the court's consideration of justice and fairness to the parties) (citing *Mitchell v. Overman*, 103 U.S. 62, 64-66 (1880)).

We note that if, when a veteran has died while an appeal is pending here, no one seeks substitution or the person seeking substitution is not an eligible accrued-benefits claimant, then Board vacatur and dismissal of the appeal would be the appropriate action. *See Munsingwear*, 340 U.S. 36, 41 (1950); *see Padgett*, 473 F.3d at 1370 ("Absent substitution, we would face the scenario contemplated by *Munsingwear*."); *see also* 38 U.S.C. § 5121(c)("Applications for accrued

14

benefits must be filed within one year after the date of death.").[6]   This preserves the right of an accrued-benefits claimant to file a claim and have it processed de novo.

## D.  Application in This Appeal

As noted above, in this case the Secretary responded to our order, informing us that the ROIC recently determined that Mrs. Brenda Breedlove has been recognized by VA as the appellant's widow for any accrued benefits to which she may be entitled.  We conclude that because Brenda Breedlove is an eligible accrued-benefits claimant who is adversely affected by the September 9, 2008, Board decision denying Mr. Breedlove's claim for section 1151 benefits, she has standing to pursue substitution on the veteran's claim.  She is affected by the VA adjudications on the veteran's claim in the same way the veteran was affected at the time he filed his Notice of Appeal, and considerations of delay, unfairness, and inefficiency weigh in favor of granting substitution.

Upon consideration of the foregoing, it is

ORDERED that the movant's August 14, 2009, motion for substitution is granted.  It is further

ORDERED that the Clerk of the Court shall change the caption of this case to reflect that Brenda Breedlove is now the appellant.  It is further

ORDERED that the appellant, not later than 60 days after the date of this order, file her principal brief.

DATED: August 10, 2010                                        PER CURIAM.


KASOLD, *Chief Judge*, concurring:  I agree that enactment of 38 U.S.C. § 5121A creates a "zone of no substitution" that warrants the  revaluation of our existing substitution requirements and elimination of the strict substitution criteria established in *Pekular* that today's opinion reflects. I do not agree, however, with much of the discussion in the majority's opinion under section C., *ante* at 8 (Substitution in Appeals Before the Court).

Succinctly stated, section 5121A reflects not an alteration by Congress of any statutory distinction between the veteran's disability compensation claim and an accrued benefits claim; that distinction remains: One is the veteran's claim for benefits, with the attendant duty to assist that includes gathering evidence, etc., while the other is an accrued-benefits beneficiary's claim for benefits, with a much more limited duty to assist and an adjudication that is based on the record as

---

[6] The Court notes that even if an eligible accrued-benefits claimant is known at the time of the death of the veteran, which occurs while on appeal here, such claimant may inform the Court that he or she wishes to begin her accrued benefits claim at VA and forego the continuation of the veteran's appeal.  Under such circumstances, the Court would also dismiss the appeal and vacate the underlying VA decisions on the veteran's claim.

it existed at the time of the veteran's death. *Compare Golz v. Shinseki*, 590 F.3d 1317, 1320 (Fed. Cir. 2010) ("VA is required to 'make reasonable efforts to obtain relevant records (including private records) that the claimant adequately identifies to the Secretary and authorizes the Secretary to obtain'" (citing 38 U.S.C. § 5103A(b)(1))), *with Ralston v. West*, 13 Vet.App. 108, 113 (1999) ("[E]ntitlement to accrued benefits must be determined based on evidence that was either physically or constructively in the veteran's file at the time of death."). Rather, by directing the Secretary to write regulations permitting substitution below, Congress simply is recognizing that the accrued-benefits claim is derivative of the veteran's claim and that automatic refusal by the Secretary to permit substitution was causing an unwarranted delay in the adjudication of many accrued-benefits claims. *See Zevalkink*, 102 F.3d at 1241 ("[A]n accrued benefits claim is derivative of the veteran's claim for service connection, i.e., the claimant's entitlement is based on the veteran's entitlement."); *Padgett v. Nicholson*, 473 F.3d 1364, 1369 (Fed. Cir. 2007) ("[A]n accrued-benefits claim 'incorporates any prior adjudications of the service-connection issue on claims brought by the veteran, because it derives from the veteran's service-connection claim.'"); *see also Padgett v. Peake*, 18 Vet.App. 188, 201 (2004) (Kasold, J., dissenting).

There may be good reason for a claimant to seek substitution in a deceased veteran's claim, or, alternatively, to begin anew with the vacatur of an adjudication on the veteran's claim and the filing of a new claim; e.g., a new claim is entitled to two de novo decisions below. *Disabled Am. Veterans v. Sec'y of Veterans Affairs*, 327 F.3d 1339, 1353-54 (Fed. Cir. 2003) (holding that the two-administrative-review requirement generally necessitates remand by the Board for a new, initial decision when new evidence is submitted to the Board, absent waiver by the claimant). Although the full scope of the Secretary's regulations remains to be seen, I agree that they can have no effect on our jurisdiction and I fully concur that the "zone of no substitution" created by enactment of section 5121A warrants the dismantling of rigid and limiting substitution criteria on appeals to the Court.