KASOLD,
Chief Judge, concurring in
part:
Inasmuch as counsel for the deceased appellant failed to respond to an order to show cause why the appeal should not be dismissed, I concur in now dismissing the appeal. Dismissal, however, should be for failing to respond, U.S. Vet.App. R. 38(b) (“Failure ... to comply with an order of the Court ... may be grounds for ... dismissal of the appeal.”), not for lack of jurisdiction.
Our jurisdiction, like that of all federal courts other than the Supreme Court, is established solely by Congress, not the Court. Sheldon v. Sill, 49 U.S. 441, 449, 8 How. 441, 12 L.Ed. 1147 (1850). As my colleagues seem to admit, the requirement in our Court for a case or controversy is an important prudential rule wisely adopted by the Court in its formative year, but it is not in our jurisdictional statute. See Mokal v. Derwinski, 1 Vet.App. 12, 15 (1990) (adopting “as a matter of policy the jurisdictional' restrictions of the Article III case or controversy rubric”); see also Padgett v. Nicholson, 473 F.3d 1364, 1370 (Fed.Cir.2007) (noting that this Court is “not formally bound by” the case or controversy requirement but “nevertheless, adheres to it”). Accordingly, although application of the case or controversy requirement is not discretionary absent Mokal being overturned by the en banc Court or statute, Bethea v. Derwinski, 2 Vet.App. 252, 254 (1992), dismissal under this important prudential rule nevertheless is not a dismissal for lack of jurisdiction. 49 U.S. at 449; cf. Henderson v. Shinseki, - U.S. -, -, 131 S.Ct. 1197, 1206, 179 L.Ed.2d 159 (2011) (finding that 38 U.S.C. § 7266(a) was an “important procedural rule” but not jurisdictional); see also *199 Breedlove v. Shinseki, 24 Vet.App. 7, 17 n. 5 (2010) (per curiam order) (citing Zevalkink v. Brown, 102 F.3d 1236, 1244 (Fed.Cir.1996) and noting that the Court does not lack jurisdiction upon the death of the claimant).
Indeed, in addition to dismissing the appeal, the Court also had the option of rendering a decision nunc pro tunc. See Mitchell v. Overman, 103 U.S. 62, 64-65, 26 L.Ed. 369 (1880) (noting the authority of a court to issue a decision nunc pro tunc generally, and specifically when death occurs after the matter has been submitted and any delay in issuing the decision was not due to the parties); Padgett, 473 F.3d at 1367 (“Where a party dies after his case is submitted, but before the opinion issues ..., the Supreme Court has consistently entered judgment nunc pro tunc to the date of the party’s death.... ”). The appellant in this case died after the case was submitted, see Breedlove, 24 Vet.App. at 18 (noting that case is submitted for decision “upon completion of the briefing period”), and, although the attorney for the deceased appellant did not respond to the Court’s show cause order, the decedent’s estate, at a minimum, is a potential accrued benefits beneficiary, 38 U.S.C. § 5121(a)(6), such that issuance of a decision nunc pro tunc was a viable option. See Padgett, 473 F.3d at 1371 (finding dismissal appropriate “if the court were not aware of any potential accrued-benefits claimants” (emphasis added)); see also Mitchell, supra.
Moreover, an accrued benefits beneficiary has up to one year after date of death of a VA beneficiary to request substitution, 38 U.S.C. § 5121 A(a)(l), such that — even after dismissal in this case — there very well might be judicial economy reasons to permit an accrued benefits beneficiary to seek substitution within the one-year period after the death of the appellant and prior to mandate entering in this case. See Breedlove, 24 Vet.App. at 17 (noting that substitution “ ‘furthers judicial and administrative economy’” (quoting Padgett, 473 F.3d at 1370)).
As noted at the outset of my concurring statement, however, the failure of counsel to respond to the Court’s order is a valid basis for dismissing this matter at this time, and it is the basis for my concurrence in part with the order issued today by the majority.