KASOLD, Chief Judge,
dissenting:
With respect to my colleagues in the majority, I find no proper basis for the action taken today, particularly in the absence of a motion by one of the parties to so act, or a show-cause order to the parties why such action should not be taken. See iLOR, LLC v. Google, Inc., 550 F.3d 1067, 1072 (Fed.Cir.2008) (sua sponte dismissal where the parties are not on notice or have not had an opportunity to address the issues raised by the dismissal constitutes a clear abuse of discretion (citing Catz v. Chalker, 142 F.3d 279, 286 (6th Cir.1998))); cf. Mathews v. Eldridge, 424 U.S. 319, 333, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976) (“The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner.” (internal quotation marks omitted)).
Admittedly, the scope of our jurisdiction continues to be clarified over time, but it, perhaps more than any other issue, should be an issue that warrants careful scrutiny. Thus, although at one point the death of a veteran mooted his or her ease and warranted dismissal for lack of jurisdiction, Landicho v. Brown, 7 Vet.App. 42, 53-54 (1994), such is no longer the case when there is known to be a potential accrued-benefits beneficiary who could be substituted, see Haines v. West, 154 F.3d 1298, 1300 (Fed.Cir.1998) (“The accrued benefits provision thus creates a narrowly limited exception to the general rule that a veteran’s claim for benefits does not survive the veteran.”) (citing Zevalkink v. Brown, 102 F.3d 1236, 1244 (Fed.Cir.1996)); Breedlove v. Shinseki, 24 Vet.App. 7, 20 (2010) (noting that “the circumstances considered in Landicho ... have changed” and that continuing to dismiss appeals where “there is an eligible accrued-benefits claimant ... would be inconsistent with ... the recently enacted substitution statute”); see also Padgett v. Nicholson, 473 F.3d 1364, 1370 (Fed.Cir.2007) (finding vacatur and dismissal — rather than nunc pro tunc relief— appropriate “if Mrs. Padgett could not be substituted”) (emphasis added).
Here, Mrs. Leavey could be substituted; she simply has chosen not to seek substitution. Accordingly, there is no longer a jurisdictional basis for withdrawing the Court’s decision. That being so, there is no basis for taking such action in the absence of a motion by one of the parties, or an opportunity to respond to an order showing cause why such action should not be taken.
Succinctly stated, the Court’s sua sponte action in this case, taken without notice to the parties, is inappropriate and unfair to the parties and the public. See iLOR and Mathews, both supra; see also U.S. Bancorp Mortg. Co. v. Bonner Mall Partnership, 513 U.S. 18, 26, 115 S.Ct. 386, 130 L.Ed.2d 233 (1994) (“Judicial precedents ... are not merely the property of private litigants and should stand unless a court concludes that the public interest would be served by a vacatur.”) (internal quotation marks omitted). Had Mrs. Leavey desired the action taken by the Court today, she *229 could have requested it,[2] which would have given notice and an opportunity to the Secretary to voice any objection. Alternatively, had the Court issued a show-cause order, it would have given both parties an opportunity to voice their views as to the action taken today.
Moreover, any presumption that both parties would support the Court’s action today is speculative. Although Mrs. Leav-ey retains the opportunity to file an accrued benefits claim and relitigate the merits of her husband’s claim, there is little reason to believe there would be any different result. See Padgett, 473 F.3d at 1370 (because the Secretary denied the veteran’s claim, it was “reasonable to suspect” that the Secretary would deny an accrued benefits award). And, it is difficult to fathom any reason the Secretary would desire the opinion withdrawn only to face possible relitigation of the claim with the same result. See id. (noting that nunc pro tunc relief “furthers judicial and administrative economy by not requiring re-litigation and readjudication of issues already decided by the Veterans Court.”).
Furthermore, the decision the Court is now withdrawing addressed and clarified an issue of continuing importance to all veterans seeking VA benefits and the Secretary in adjudicating their claims. Indeed, absent some prejudice to either party — and none has been identified — the equities lie in retaining the decision instead of withdrawing it. See id. (paramount considerations for nunc pro tunc relief are “justice and fairness to the parties”); see also U.S. Bancorp, supra.
For the above reasons, I respectfully dissent from today’s order of the Court.

. Mr. Leavey’s counsel'learned of Mr. Leav-ey’s death on November 8, 2014, and Mrs. Leavey expressed to him on November 11a desire to substitute into this appeal. Howev-ér, counsel did not inform the Court of Mr. Leavey's death until hours after an unfavorable opinion was issued on November 14. Finally, on December 10, counsel informed the Court that Mrs. Leavey elected not to seek substitution.