# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 16-2832

JAMES C. CHILDERS, APPELLANT,

V.

DAVID J. SHULKIN, M.D.,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

Before SCHOELEN, BARTLEY, and GREENBERG, *Judges.*

# O R D E R

On August 5, 2016, the appellant appealed an April 5, 2016, Board of Veterans' Appeals (Board) decision. On October 2, 2017, this matter was submitted to panel for a decision. On November 1, 2017, the Secretary notified the Court that the appellant died on September 22, 2017.

On November 11, 2017, the Court ordered the appellant's estate to respond and show cause as to why the appeal should not be dismissed. The Court also ordered the Secretary to respond and provide information relevant to whether there was a substitutable party in this case.

On January 18, 2018, the Secretary advised the Court that VA was unaware of any eligible accrued beneficiaries and at the time of his death, the appellant was divorced and his two children were adults. Secretary's Response at 2. The Secretary also informed the Court that, although the appellant's estate had been notified of survivor benefits, VA had received no request for substitution. Secretary's Response at 3. On January 24, 2018, the appellant's estate provided a copy of the appellant's death certificate, but no evidence of a substitutable party.

When an appellant dies during the pendency of an appeal for disability compensation under chapter 11 of title 38, U.S. Code, the appropriate remedy is to vacate the appealed Board decision and dismiss the appeal unless there has been an appropriate substitution by a qualified accrued-benefits claimant. *See Breedlove v. Shinseki*, 24 Vet.App. 7, 21 (2010) (per curiam order); *see also Padgett v. Nicholson*, 473 F.3d 1364, 1366 (Fed. Cir. 2007). Accordingly, upon the death of a veteran-appellant, an individual who asserts he or she meets the eligibility requirements of an accrued-benefits claimant, 38 U.S.C. § 5121(a), may file with the Court a motion to be substituted in the appeal. *See Breedlove*, 24 Vet.App. at 20-21.

Because this appeal has become moot by virtue of the death of the appellant, and the Court has not received a request for substitution or any other evidence of an eligible accrued beneficiary, the appeal will be dismissed. *See Padgett*, 473 F.3d at 1366; *Breedlove*, 24 Vet.App. at 20-21; *Landicho*, 7 Vet.App. at 53-54.

Accordingly, the April 5, 2016, Board decision is VACATED with respect to the matters appealed to the Court and the appeal is DISMISSED for lack of jurisdiction.

DATED: February 13, 2018                                        PER CURIAM.


Copies to:

The Estate of James C. Childers

VA General Counsel (027)