# United States Court of Appeals
# for the Federal Circuit

---

**CHRISTINA MERRITT, SUBSTITUTED FOR
DOUGLAS A. MERRITT,**

*Claimant-Appellant*

**v.**

**ROBERT WILKIE, SECRETARY OF VETERANS
AFFAIRS,**

*Respondent-Appellee*

---

2019-1095

---

Appeal from the United States Court of Appeals for
Veterans Claims in No. 17-898, Senior Judge Robert N. Davis.

---

Decided: July 17, 2020

---

KENNETH M. CARPENTER, Law Offices of Carpenter
Chartered, Topeka, KS, argued for claimant-appellant.

SEAN LYNDEN KING, Commercial Litigation Branch,
Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee. Also represented by ETHAN P. DAVIS, MARTIN F. HOCKEY, JR., ROBERT
EDWARD KIRSCHMAN, JR., REBECCA SARAH KRUSER;
CHRISTINA LYNN GREGG, BRIAN D. GRIFFIN, Office of

General Counsel, United States Department of Veterans Affairs, Washington, DC.

————————————

Before PROST, *Chief Judge*, CLEVENGER and DYK, *Circuit Judges.*

DYK, *Circuit Judge.*

Douglas A. Merritt, a U.S. Navy veteran and the original claimant in this case, filed an application for service-connected benefits. The Board of Veterans' Appeals ("Board") held that Mr. Merritt had not established entitlement. The United States Court of Appeals for Veterans Claims ("Veterans Court") affirmed, and Mr. Merritt appealed to this court. Mr. Merritt died while his appeal was pending. Christina Merritt filed a motion for substitution arguing that she was the surviving spouse, which we granted. We now dismiss the appeal as moot because Mrs. Merritt has not preserved her claim by filing a formal claim with the Department of Veteran Affairs ("VA") within one year of Mr. Merritt's death as required by the applicable statutes and regulations.

## BACKGROUND

Mr. Merritt served in the U.S. Navy from May 1972 to September 1973. During the time he was in service, in March of 1973, Mr. Merritt sustained a concussion in an automobile accident. In October 2006, a VA psychologist who had been treating Mr. Merritt for approximately a year prepared a note ("the VA psychology note") stating that Mr. Merritt had shown "[s]ymptoms of bipolar disorder[, which] first began when Mr. Merritt . . . was on active duty in the Navy," and that Mr. Merritt's "work performance began to suffer" after the in-service accident. J.A. 19.

In March 2010, Mr. Merritt filed for disability benefits for "[b]ipolar disorder, anxiety[,] and personality

disorders." J.A. 24. The Board determined that Mr. Merritt's psychiatric disorders were not service connected. The Board's decision acknowledged the existence of the VA psychology note but did not discuss whether the note established a medical nexus between Mr. Merritt's bipolar disorder and in-service accident. Instead, the Board's determination relied solely on an independent medical expert opinion, which stated that Mr. Merritt's "behavior during his period in the service was not connected to a bipolar disorder or any other psychiatric disorder other than a personality disorder," and that it was "at least as likely as not that any current psychiatric disorder was neither caused [n]or aggravated by the Veteran's period of military service." J.A. 68.

Mr. Merritt appealed to the Veterans Court, which vacated and remanded the Board's decision for failing to "meaningfully discuss the [VA psychology note] or explain whether it [wa]s an adequate nexus opinion." J.A. 86. On remand, the Board again denied Mr. Merritt's claim, stating that the VA psychology note was entitled "little, if any, probative weight," apparently because there was "no evidence that, at the time of the rendering of that opinion, the [VA psychologist] had access to either [Mr. Merritt]'s claims file or his service treatment records," J.A. 101, and there was a discrepancy between the VA psychology note and Mr. Merritt's treatment records "as to the length of time [that] Mr. Merritt was unconscious from the concussion sustained in the automobile accident," J.A. 4. Mr. Merritt appealed to the Veterans Court for a second time, arguing that the Board had failed to follow the Veterans Court's remand order.

On July 26, 2018, the Veterans Court affirmed the Board's decision. The Veterans Court found that the Board had not complied with the remand order, because even if the VA psychologist lacked access to the service records and even if the VA psychology note had "a factual inaccuracy," the Board still had an obligation to "explain why it

apparently regarded that inaccuracy as critical to the nexus analysis" before finding that the note was entitled to no probative weight.  J.A. 4–5.  The Veterans Court found, however, that the Board's error was harmless, because even if the Board had considered the VA psychology note, it "described no symptoms that . . . supported . . . a retrospective diagnosis" of bipolar disorder, and "there [was] no possibility that the Board could have awarded service connection based on [the VA psychology note]."[1]  J.A. 5–6.

On October 17, 2018, Mr. Merritt filed a notice of appeal with this court.  Mr. Merritt died on November 10, 2018.  On December 19, 2018, Mrs. Merritt filed a motion to substitute herself as the surviving spouse.  Mrs. Merritt's motion included Mr. Merritt's death certificate.  This court granted Mrs. Merritt's motion under Federal Rule of Appellate Procedure 43(a)(1).

On appeal, Mrs. Merritt argues that (1) the Veterans Court had failed to enforce its own remand order and (2) the Veterans Court lacked authority to consider the question of harmless error because 38 U.S.C. § 7261(b)(2), which requires the Veterans Court to "take due account of the rule of prejudicial error," "has no applicability in the context of an appeal in which the issue is the enforcement of the appellant's right to compliance with the [Veterans] Court's prior remand order."  Appellant's Reply Br. 14.

## DISCUSSION

"[E]very federal appellate court has a special obligation to 'satisfy itself . . . of its own jurisdiction[] . . . ' even though

---

[1]    The Veterans Court also stated that a medical examination report would not be "entitled to any weight in a service-connection or rating context if it contains only data and conclusions."  J.A. 5 (quoting *Nieves-Rodriguez v. Peake*, 22 Vet. App. 295, 304 (Ct. Vet. App. 2008)).  This statement appears to be questionable.

the parties are prepared to concede it." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986) (quoting *Mitchell* v. *Maurer*, 293 U.S. 237, 244 (1934)). "[W]here[] . . . the underlying controversy is . . . moot, the preferred course is to decide mootness, before reaching difficult questions more closely tied to the merits of the underlying controversy, such as subject matter jurisdiction." *Kaw Nation v. Norton*, 405 F.3d 1317, 1323 (Fed. Cir. 2005).

I

We begin with a brief description of the statutory and regulatory background:

> When a veteran dies, his right to continuing disability compensation ends. *See* 38 U.S.C. § 5112(b)(1) (providing that a veteran's right to disability compensation terminates on the last day of the month before the veteran's death). Pursuant to 38 U.S.C. § 5121, however, <u>certain individuals— typically the surviving spouse—have the right to obtain the accrued benefits that were due and payable</u> to the veteran at the time of his death.

*Reeves v. Shinseki*, 682 F.3d 988, 993 n.3 (Fed. Cir. 2012) (emphasis added).

Mrs. Merritt argues that she is the surviving spouse and that she is entitled to pursue a claim for Mr. Merritt's "accrued benefits." The government argues that Mrs. Merritt has not established that she is the veteran's surviving spouse. It points to an apparent inconsistency in the death certificate that Mrs. Merritt submitted in her motion for substitution, which identified Mr. Merritt's spouse as "Christina Prewitt." It argues that Mrs. Merritt "has not furnished any independent evidence" resolving this apparent inconsistency on the death certificate. Gov't's Br. 19. We need not address these arguments, because Mrs. Merritt has not preserved her claim for accrued benefits under

the statute and regulation by filing a claim for accrued benefits within the statutory time limit.

## II

Even if we assume that Mrs. Merritt was the surviving spouse and has therefore properly substituted herself under Federal Rule of Appellate Procedure 43(a)(1), that substitution does not itself grant entitlement. Substitution is not the same as entitlement. Procedural rules such as Rule 43(a)(1) "do[] not resolve the question [of] what law of survival of actions should be applied in [a] case." *Robertson v. Wegmann*, 436 U.S. 584, 587 n.3 (1978) (second alteration in original) (quoting *Shaw v. Garrison*, 545 F.2d 980, 982 (5th Cir. 1977)). Instead, they "simply describe[] the <u>manner</u> in which parties are to be substituted in federal court once it is determined that the applicable substantive law allows the action to survive a party's death." *Id.* (quoting *Shaw*, 545 F.2d at 982); *see also Reeves*, 682 F.3d at 992 ("[T]he question of substitution is separate from that of standing." (quoting *Richard v. West*, 161 F.3d 719, 722 (Fed. Cir. 1998))). Mrs. Merritt must show that she is entitled to Mr. Merritt's claim under the applicable statutes and regulations.[2]

## III

In general, "a specific claim in the form prescribed by the Secretary [of the VA] . . . must be filed in order for benefits to be paid or furnished to any individual under the laws administered by the Secretary." 38 U.S.C.

---

2    We note that 38 U.S.C. § 5121A, which provides for substitution in VA proceedings, is consistent with this requirement. Section 5121A provides that, even after substitution is granted, entitlement is "determined in accordance with [38 U.S.C. §] 5121 [(providing for the eligibility of a surviving spouse for accrued benefits)]." 38 U.S.C. § 5121A(b).

§ 5101(a)(1)(A); *see also* 38 C.F.R. §§ 3.155, 3.160. Furthermore, an application for accrued benefits "must be filed within one year after the date of death [of the veteran beneficiary]." *Id.* § 5121(c). These requirements apply to all pending claims by the deceased veteran.

Mrs. Merritt does not meaningfully dispute that the claim filing requirements apply to pending actions.[3] But she argues that, under *Reeves*, her motion for substitution constitutes the filing of a claim under the statute. *Reeves* involved a similar situation where a veteran-claimant died shortly after filing a notice of appeal with this court. *Reeves*, 682 F.3d at 992. The veteran's surviving spouse filed a motion to be substituted for her husband's appeal, and the government argued that the surviving spouse lacked standing to be substituted because she had not yet filed an accrued benefits claim. *Id.* at 992–93. We held that "[e]ven assuming *arguendo* that standing can be established only if a surviving spouse files an accrued-benefits claim, [the surviving spouse's] motion to be substituted for her husband qualifie[d] as an informal claim for accrued benefits." *Id.* at 993.

*Reeves* is of no help to Mrs. Merritt because it was decided under an earlier version of the applicable regulation. *See Reeves*, 682 F.3d at 993 (citing 38 C.F.R. § 3.155 (2011)). That regulation created an "informal claim" framework, where "any communication can qualify for an informal claim if it: (1) is in writing; (2) indicates an intent to apply for veterans' benefits; and (3) identifies the particular benefits sought." *Id.* It was under this informal claim

---

[3]    At oral argument, counsel for Mrs. Merritt contended that Mrs. Merritt was not required to file a claim for accrued benefits because there was "nothing pending before the VA." Oral Arg. at 00:46–50, available at http://www.cafc.uscourts.gov/node/26086. We see no basis for such a distinction.

framework that we held that a motion for substitution "qualifie[d] as an informal claim for accrued benefits." *Id.* And even under the earlier regulation, we noted that a survivor might "forfeit all right to relief" for failing to file a formal claim with the VA "within one year of [the] veteran's death" under 38 U.S.C. § 5121(c). *Reeves*, 682 F.3d at 995 n.5.

In 2015, the VA revised 38 C.F.R. §§ 3.155 and 3.160 to "require that claims be submitted on a specific form prescribed by [the] VA, effectively ending the practice of 'informal claims.'" *Shea v. Wilkie*, 926 F.3d 1362, 1366 n.3 (Fed. Cir. 2019). That framework was replaced by the "intent to file a claim" framework prescribed in the new regulation. *Veterans Justice Grp., LLC v. Sec'y of Veterans Affairs*, 818 F.3d 1336, 1342–43 (Fed. Cir. 2016). Now, if a survivor has not filed a formal claim, he or she may still preserve the claim by submitting an "intent to file a claim" within the one-year period after the veteran's death. *See* 38 C.F.R. § 3.155(b) (effective 2015) (providing that, if a claimant complies with the regulation's other requirements, the "VA will consider the complete claim filed as of the date the intent to file a claim was received"); 38 U.S.C § 5121(c). We upheld the validity of these revisions on the ground that Congress did not codify the "informal claim" framework. *Veterans Justice Grp.*, 818 F.3d at 1346–1350. Thus, a survivor can no longer preserve a claim for accrued benefits by filing an informal claim within one year of the veteran's death.

Mrs. Merritt did not file a formal claim with the VA within one year of Mr. Merritt's death, as the parties agree. *See* Oral Arg. at 0:34–45 (when asked if Mrs. Merritt had "filed a claim for accrued benefits with the VA," counsel for Mrs. Merritt responded "no"); *id.* at 20:50–21:13 (counsel for the government stating "[Mrs. Merritt] did not file the appropriate application" within the "one-year deadline"). When this court asked whether, "if we hold that you had to file within the one-year period, this case is moot," counsel

for Mrs. Merritt responded "[t]hat would be true." *Id.* at 31:00–31:11.

Even assuming Mrs. Merritt's motion for substitution constituted an "intent to file a claim" under § 3.155,[4] she still cannot meet the regulatory requirement that she file a "complete application form" within one year of submitting her intent to file a claim. 38 C.F.R. § 3.155(b)(4) ("If . . . a complete claim is not filed within 1 year of the receipt of an intent to file a claim, [the] VA will not take further action unless a new claim or a new intent to file a claim is received."); 38 U.S.C. § 5121(c) (requiring claims for accrued benefits to be filed "within one year after the date of death"). Here, even treating Mrs. Merritt's motion for substitution as an intent to file a claim, she did not file a complete application within one year of filing her motion for substitution.

IV

Finally, there is the question of 38 U.S.C. § 5101(a)(1)(B), which was enacted in 2016 and provides that the "Secretary [of the VA] may pay benefits [including accrued benefits] . . . to a survivor of a veteran who has not filed a formal claim if the Secretary determines that the record contains sufficient evidence to establish the entitlement of the survivor to such benefits." 38 U.S.C. § 5101(a)(1)(B)(i). Mrs. Merritt did not rely on this section of the statute in her opening brief. After oral argument, we ordered supplemental briefing addressing the applicability

---

[4]   The current regulation specifies that only three types of communications may constitute an intent to file a claim: (1) an electronic application through the VA website, (2) an "intent to file a claim form" prescribed by the VA, and (3) "[o]ral intent communicated to designated VA personnel and recorded in writing." 38 C.F.R. § 3.155(b)(1)(i)–(iii).

of the statute to Mrs. Merritt's accrued benefits claim in this case.  In her supplemental brief, Mrs. Merritt argued for the first time that § 5101(a)(1)(B) "renders it unnecessary for [her] to file a . . . claim for accrued benefits . . . within one year of Mr. Merritt's death."  Appellant's Supp. Br. 6.  We conclude that § 5101(a)(1)(B) is irrelevant here.

Congress enacted § 5101(a)(1)(B) as an informal claim process to "[e]xpedite payment of survivor's benefits" recognizing that the then-existing "system for processing survivor's benefits [wa]s inefficient because VA employees [we]re required to review paperwork that may already be in the veteran's file" and required the survivor to "resubmit documents that may already be in [the] VA's possession." H.R. Rep. No. 114-405, at 23 (2016).  Section 5101(a)(1)(B) was intended to serve as an alternative claim process when the "VA has the information necessary to establish entitlement to benefits," allowing the survivor to claim accrued benefits without filing duplicative paperwork.  *Id.*; *see also Reeves*, 682 F.3d at 993 n.3 (noting that a survivor's accrued benefits claim "incorporates any prior adjudications of the service-connection issue on claims brought by the veteran" (quoting *Padgett v. Nicholson*, 473 F.3d 1364, 1369 (Fed. Cir. 2007))).

While it is true that Mrs. Merritt served Mr. Merritt's death certificate on the VA, there was no argument in Mrs. Merritt's opening brief that she sought benefits pursuant to § 5101(a)(1)(B), or that the Secretary has made a "determination" pursuant to § 5101(a)(1)(B)(i).  Thus, Mrs. Merritt, having failed to make an argument under § 5101(a)(1)(B), we need not decide whether such a determination by the Secretary under § 5101(a)(1)(B)(i) (declining the payment of accrued benefits) would be appealable to the Veterans Court and, by extension, this court.  We simply hold that where, as here, the surviving spouse seeks survivorship benefits pursuant to § 5121, § 5101(a)(1)(B) does not excuse her failure to file a formal claim within one year after the veteran's death.

We conclude that § 5101(a)(1)(B) does not prevent this case from becoming moot.

The case is dismissed as moot because Mrs. Merritt did not preserve her claim for accrued benefits by filing a formal claim within one year of Mr. Merritt's death as required under 38 U.S.C. § 5121(c).

**DISMISSED**

COSTS

No costs.