# United States Court of Appeals for the Federal Circuit

_____

**THOMAS SMITH, THROUGH THE REPRESENTATIVE OF HIS ESTATE, KAREN HICKS,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

_____

2023-1378

_____

Appeal from the United States Court of Appeals for Veterans Claims in No. 18-4730, Judge Joseph L. Falvey, Jr., Judge Michael P. Allen, Judge William S. Greenberg.

_____

Decided: August 28, 2024

_____

JEFFREY N. MARTIN, Hunton Andrews Kurth LLP, Washington, DC, argued for claimant-appellant.

EMMA EATON BOND, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee. Also represented by BRIAN M. BOYNTON, MARTIN F. HOCKEY, JR., PATRICIA M. MCCARTHY; Y. KEN LEE, SAMANTHA ANN

SYVERSON, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

———————————

Before PROST, SCHALL, and HUGHES, *Circuit Judges*.

HUGHES, *Circuit Judge*.

Claimant-Appellant Karen Hicks is the adult daughter of Thomas Smith, a veteran who died during the pendency of his appeal before the United States Court of Appeals for Veterans Claims. Ms. Hicks sought substitution at the Veterans Court on her own behalf or on behalf of Mr. Smith's estate. The Veterans Court denied the motion to substitute, holding that Ms. Hicks was not entitled to pursue her father's claim. For the reasons explained below, we affirm.

I

Mr. Smith served on active duty in the United States Air Force from October 1957 to July 1978 and also served periods in the National Guard. Mr. Smith was service connected for a low back disability and often used "spa therapy" for his condition. J.A. 29. In February 2007, Mr. Smith submitted documents to the Department of Veterans Affairs Regional Office (RO) requesting specially adapted housing (SAH) benefits to build a home spa.[1] In June 2007, before receiving a response from the RO on his request, and without obtaining a certificate of eligibility for SAH benefits, Mr. Smith constructed a "therapeutic spa and outbuilding" at his home. J.A. 25. In June 2008, Mr. Smith's

———————————

[1]    As the name suggests, SAH benefits allow veterans to modify their housing to accommodate service-connected disabilities. *See* 38 U.S.C. § 2101(a) ("[T]he Secretary may assist a disabled veteran . . . in acquiring a suitable housing unit with special fixtures or movable facilities made necessary by the nature of the veteran's disability, and necessary land therefor.").

request was denied by the RO, which was apparently unaware that the outbuilding had already been constructed. Mr. Smith did not appeal this decision and it became final.

Nearly two years later, Mr. Smith filed a new claim, this time for reimbursement of the expense of building the home spa. In March 2012, the RO denied Mr. Smith's claim for reimbursement, and in July 2015, the Board of Veterans' Appeals denied Mr. Smith's appeal of the issue. The Board also denied his motion for reconsideration, finding no error in any of the prior decisions denying entitlement to SAH benefits.

In August 2018, Mr. Smith appealed the denial of his claim for reimbursement to the United States Court of Appeals for Veterans Claims (Veterans Court). In June 2019, before either party had submitted briefing, Mr. Smith passed away. After Mr. Smith's death, the Veterans Court issued an order requiring Mr. Smith's counsel to show cause "why the Court should not vacate the Board's decision and dismiss the appeal," which, the court explained, is the typical remedy when an appellant dies during the pendency of an appeal unless there has been an appropriate substitution by a qualified claimant. J.A. 2; *see also* J.A. 37 (collecting cases). On behalf of Ms. Hicks, Mr. Smith's counsel responded to the order asserting that Mr. Smith's adult children should be substituted in his place and allowed to continue the appeal. After several rounds of briefing between Mr. Smith's counsel and the Secretary of Veterans Affairs on whether substitution was appropriate, the Veterans Court ultimately issued a majority opinion, over a dissent from one judge, vacating the Board's decision and dismissing the appeal, concluding that Ms. Hicks had failed to meet her burden with respect to each of her arguments for substitution. *See Smith v. McDonough*, No. 18-4730 (Vet. App. Oct. 17, 2022); J.A. 1–10.

Ms. Hicks timely appealed. We have jurisdiction under 38 U.S.C. § 7292(a).

## II

Our jurisdiction to review decisions of the Veterans Court is limited to reviewing legal questions, including "the validity of any statute or regulation or any interpretation thereof." 38 U.S.C. § 7292(c). We review legal determinations de novo. *Hanser v. McDonough*, 56 F.4th 967, 969 (Fed. Cir. 2022). "We may not, however, review (1) 'a challenge to a factual determination' or (2) 'a challenge to a law or regulation as applied to the facts of a particular case,' unless the challenge presents a constitutional issue." *Id.* (quoting 38 U.S.C. § 7292(d)(2)).

## III

Ms. Hicks raises three issues on appeal to this court, arguing that (1) the Veterans Court erred in denying substitution under *Breedlove v. Shinseki*, 24 Vet. App. 7 (2010), (2) Ms. Hicks should be permitted to pursue Mr. Smith's claim under 38 C.F.R. § 36.4406, which governs reimbursement for SAH benefits, and (3) the equitable doctrine of nunc pro tunc should be modified to allow substitution in this case. We address each issue in turn.

## A

The primary issue before the Veterans Court, as well as before us on appeal, is whether Ms. Hicks's substitution into Mr. Smith's case was proper under either 38 U.S.C. § 5121A or the Veterans Court's own substitution doctrine as explained in *Breedlove*. Because the Veterans Court did not err in declining to make factual findings in the first instance, we affirm.

## 1

We begin with a brief discussion of *Breedlove* and related statutes. Section 5121A was passed by Congress in 2008 and permits the filing of a request for substitution if a claimant dies while his or her "appeal of a decision" with respect to a claim for benefits is pending:

> (a) Substitution.—(1) If a claimant dies while a claim for any benefit under a law administered by the Secretary, or an appeal of a decision with respect to such a claim, is pending, a living person who would be eligible to receive accrued benefits due to the claimant under section 5121(a) of this title may, not later than one year after the date of the death of such claimant, file a request to be substituted as the claimant for the purposes of processing the claim to completion.

38 U.S.C. § 5121A. The statute also states that "[t]hose who are eligible to make a claim under this section shall be determined in accordance with section 5121 of this title." *Id.* Section 5121 allows qualified persons to recover "periodic monetary benefits" that were "due and unpaid" at the time of a veteran's death. 38 U.S.C. § 5121(a).

Following the passage of § 5121A, the Veterans Court considered whether Congress intended for the new statute to apply only to appeals before the agency (the Department of Veterans Affairs (VA), which includes the Board of Veterans' Appeals) or whether the statute also applied to appeals before the Veterans Court. *Breedlove,* 24 Vet. App. at 10. Ultimately, the Veterans Court held that "the plain meaning of 'an appeal of a decision,' within the overall structure of section 5121A, refers to an appeal that is pending at VA only." *Id.* at 14. The Veterans Court also concluded that, although § 5121A did not directly apply to substitution in appeals before the Veterans Court, "the new legislation warrant[ed] a change in the [Veterans] Court's" substitution doctrine. *Id.* at 15. The Veterans Court further elaborated:

> If substitution is sought in this Court, it remains within the Court's discretion to permit substitution. The Court must first obtain from the Secretary a determination as to *whether a particular movant is an eligible accrued-benefits claimant.*

> This is a factual determination that, unless conceded by the Secretary on appeal, *must be made by VA in the first instance*. Those who are eligible to make a claim for accrued benefits are determined in accordance with section 5121.

*Id.* at 20–21 (emphasis added); *see also id.* at 13 ("[The Veterans Court], being a court of review, does not normally take evidence in the first instance or adjudicate such factual issues de novo. . . . Evidence of eligibility must first be presented to VA."). If the VA makes a determination that the person seeking substitution is an accrued-benefits claimant, "standing is established, and substitution generally will be permitted, subject, as always, to judicial decision that it is the appropriate course of action in that particular case." *Id.* at 21.

While this court has never addressed *Breedlove* in detail, we have acknowledged that § 5121A governs proceedings at the VA level. *See Merritt v. Wilkie*, 965 F.3d 1357, 1360 n.2 (Fed. Cir. 2020) (noting that "38 U.S.C. § 5121A . . . provides for substitution in VA proceedings"). Further, we recently held that while *Breedlove* requires that the VA make initial factual findings related to substitution, the Veterans Court may evaluate whether substitution is appropriate in the first instance when the issue presents purely legal questions. *See Gabrielli v. McDonough*, No. 2022-1505, 2024 WL 2968937, at *2 & n.3 (Fed. Cir. June 13, 2024) (nonprecedential).

2

In responding to Ms. Hicks's arguments regarding substitution, the Veterans Court noted that it was a question of first impression whether the *Breedlove* substitution doctrine could apply to claims for nonperiodic benefits—like the SAH benefits at issue in this case—or whether *Breedlove* was limited to periodic, accrued-benefits claims. Nevertheless, the court found that it need not reach this issue because, even assuming that Ms. Hicks could be

substituted to pursue the SAH claim, "Ms. Hicks fails to show that she is an eligible accrued-benefits claimant under section 5121, which is a prerequisite for substitution under *Breedlove.*" J.A. 5. The Veterans Court explained that "there is no evidence that, within one year of Mr. Smith's death, Ms. Hicks applied for a VA determination of her eligibility as an accrued-benefits claimant," even though the court "provided Ms. Hicks an additional opportunity to submit such evidence" during briefing. J.A. 6 ("Indeed, there is no allegation that she ever filed or tried to file such an application. Nor is there evidence of a determination by the Secretary that she is eligible to be substituted."). The court thus concluded that "[b]ecause a determination of accrued-benefits eligibility under section 5121 is required for substitution under *Breedlove* and section 5121A, Ms. Hicks's failure to timely obtain this determination means that she fails to show that she may be substituted here." J.A. 6 (citing *Breedlove,* 24 Vet. App. at 20).

On appeal to this court, Ms. Hicks argues that the Veterans Court erred in denying her motion for substitution under *Breedlove.* In particular, Ms. Hicks argues that the Veterans Court should have made a finding on whether she was a proper accrued-benefits claimant on its own, without first seeking a determination from the Secretary. *See* Appellant's Br. 11 (arguing that permitting substitution "remained within the court's discretion" and that "Ms. Hicks had no obligation to return to the VA to determine if she could be eligible to pursue her father's claim on appeal"). Ms. Hicks urges us to adopt the reasoning of the Veterans Court dissenting opinion, where Judge Greenberg would have found that Ms. Hicks *was* a proper substitute because she "bore the expenses of her father's last sickness," *see* 38 U.S.C. § 5121(a)(6) (permitting accrued benefits to be paid to "the person who bore the expense of last sickness and burial"), despite the VA's assertion that Ms. Hicks had not sought an accrued benefits eligibility determination from

the Secretary. Appellant's Br. 11–12. Ms. Hicks argues that "[t]he Veterans Court erred when it ignored these salient dispositive facts:"

> (1) Ms. Hicks is the court-appointed representative of her father's estate; (2) she is the only person of record who bore some of the expenses of his last sickness and burial; (3) no other heirs or claimants sought to be substituted in the case; and (4) she had been incurring the very expenses for financing the therapeutic spa after her father's death that he had incurred during his life. On these facts there was no reason for the Veterans Court to have done anything other than find the existence of a case and controversy, find legal standing, and grant the requested substitution.

Reply Br. 15–16.

The Veterans Court does not have jurisdiction to make de novo findings of fact. *See Tadlock v. McDonough*, 5 F.4th 1327, 1333 (Fed. Cir. 2021) (explaining that "Congress expressly limited the Veterans Court's jurisdiction to exclude de novo fact-finding"); 38 U.S.C. § 7261(c) ("In no event shall findings of fact made by the Secretary or the Board of Veterans' Appeals be subject to trial de novo by the [Veterans] Court."); *Deloach v. Shinseki*, 704 F.3d 1370, 1380 (Fed. Cir. 2013) ("As we have recognized, the statute prohibits the court from making factual findings in the first instance."). Ms. Hicks' status as an eligible accrued-benefits claimant is a factually intensive inquiry that the Veterans Court is not permitted to make in the first instance and, as such, her arguments with respect to *Breedlove* must fail. *See Zevalkink v. Brown*, 102 F.3d 1236, 1244 (Fed. Cir. 1996) ("Thus, the determination of whether a party qualifies as an accrued[-]benefits claimant necessarily involves fact finding.") (superseded on other grounds by 38 U.S.C. § 5121A with respect to denial of substitution claims).

Ms. Hicks also argues that she should not have been required to submit a formal request for accrued benefits eligibility to the VA because "it was sufficient" for Ms. Hicks to "provide the VA with timely notice . . . of Mr. Smith's death" by (1) "filing in the court below," (2) "filing a . . . Form 21-22A [Appointment of Individual as Claimant's Representative] with the VA," and (3) filing "a timely motion . . . to substitute herself for Mr. Smith." Appellant's Br. 13. Thus, Ms. Hicks asserts that "[n]othing more could have been expected from her" and it was error for the Veterans Court to deny substitution in light of these efforts. *Id.* To the extent that Ms. Hicks argues that this court should review the record and decide the question of her eligibility anew, we do not have jurisdiction to consider these arguments. *See* 38 U.S.C. § 7292(d)(2).

## B

Ms. Hicks also argues that the Veterans Court erred in holding that she could not be substituted under 38 C.F.R. § 36.4406(c), the regulation governing the award of SAH reimbursement benefits in the event of a claimant's death. The regulation states:

> Should an eligible individual die before the Secretary disburses the full specially adapted housing grant, the eligible individual's estate must submit to the Secretary all requests for reimbursement within one year of the date the Loan Guaranty Service learns of the eligible individual's death. Except where the Secretary determines that equity and good conscience require otherwise, the Secretary will not reimburse an eligible individual's estate for a request that has not been received by the Department of Veterans Affairs within this timeframe.

38 C.F.R. § 36.4406(c).

The Veterans Court rejected Ms. Hicks's argument that § 36.4406(c) authorized her, as a representative of

Mr. Smith's estate, to receive reimbursement of SAH benefits. The Veterans Court emphasized that the regulation "specifically requires a request for reimbursement to be filed with VA *within one year* of the eligible recipient's death," and noted that "[s]imilarly as with the accrued-benefits theory . . . , there is no evidence that Ms. Hicks submitted an application for reimbursement within one year of Mr. Smith's death." J.A. 8.

On appeal, Ms. Hicks argues that the one-year requirement should not apply to her case because (1) Mr. Smith submitted the original request for reimbursement directly to the VA, (2) Mr. Smith carefully documented the costs of building the therapeutic spa, asserting that the Veterans Court "surely cannot claim that anything more should have been done to document those expenses in the year *after* he died," and (3) the VA had notice that Ms. Hicks was Mr. Smith's estate's court-appointed representative, which Ms. Hicks argues was sufficient to confer notice. Appellant's Br. 17.

We decline to adopt an interpretation of § 36.4406(c) that would render the explicit one-year filing deadline inapplicable because such an interpretation is contrary to the plain language of the regulation. *See Frazier v. McDonough*, 66 F.4th 1353, 1357 (Fed. Cir. 2023) ("When construing a regulation, we begin with the regulatory language itself to determine its plain meaning." (internal quotations and citation omitted)). We see no legal error in the Veterans Court's plain meaning interpretation. Accordingly, we affirm.

C

Finally, Ms. Hicks argues that she should be allowed to substitute into Mr. Smith's appeal under the equitable doctrine of nunc pro tunc. The nunc pro tunc doctrine allows a survivor to be substituted into a veteran's case when three factors are met: "(1) that the veteran died after the case was submitted to [the Veterans Court] for decision; (2) that

substitution is appropriate because the person seeking substitution has standing; and (3) that considerations of justice and fairness have been satisfied." *Suguitan v. McDonald*, 27 Vet. App. 114, 119 (2014); *see Padgett v. Nicholson*, 473 F.3d 1364, 1367–69 (Fed. Cir. 2007).

The Veterans Court rejected Ms. Hicks's nunc pro tunc argument because Mr. Smith died before the case was submitted to the court for a decision, as required by *Padgett* and the Veterans Court's line of cases that rely on *Padgett*. J.A. 6. On appeal, Ms. Hicks argues that this court should deviate from the requirement that nunc pro tunc relief is only available "where a veteran dies after his case is submitted for decision, but before the opinion issues." *Padgett*, 473 F.3d at 1367; *see* Appellant's Br. 17–18 (arguing that it is "appropriate for this Court to reconsider its decision in *Padgett* . . . by endorsing a more expansive and more equitable interpretation of" the nunc pro tunc doctrine). *Padgett* is a binding precedential opinion issued by a panel of this court and as such, "cannot be overruled or avoided unless or until the court sits *en banc*." *Preminger v. Sec'y of Veterans Affs.*, 517 F.3d 1299, 1309 (Fed. Cir. 2008). Accordingly, Ms. Hicks's argument that we should "endors[e] a more expansive and more equitable interpretation" of the doctrine must fail. *See* Appellant's Br. 18. We affirm the Veterans Court with respect to this issue as well.

## IV

We have considered the remainder of Ms. Hicks's arguments and find them unpersuasive. For the reasons stated above, we affirm.

## AFFIRMED

### COSTS

No costs.