# United States Court of Appeals for the Federal Circuit

---

**RODNEY WRIGHT,**
*Claimant-Appellant*

**v.**

**DOUGLAS A. COLLINS, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2024-1105

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 20-2154, Judge Amanda L. Meredith, Judge Coral Wong Pietsch, Judge Margaret C. Bartley.

---

Decided: August 1, 2025

---

KEVIN MICHAEL LEROY, Troutman Pepper Locke LLP, Chicago, IL, argued for claimant-appellant. Also represented by TIMOTHY L. MCHUGH, Richmond, VA; KENNETH M. CARPENTER, Carpenter Chartered, Topeka, KS.

MOLLIE LENORE GROPP, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee. Also represented by ERIC P. BRUSKIN, PATRICIA M. MCCARTHY, YAAKOV ROTH; CHRISTOPHER O. ADELOYE, DEREK SCADDEN,

Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

————————————

Before LOURIE, DYK, and CUNNINGHAM, *Circuit Judges.*

DYK, *Circuit Judge.*

The Board of Veterans' Appeals ("Board") denied Rodney Wright's request for compensation for his adult child under 38 U.S.C. § 1115(1)(F) on the ground that he was precluded by 38 U.S.C. § 3562(2) from receiving that compensation once his daughter elected to receive direct benefits pursuant to the Survivors' and Dependents' Educational Assistance ("DEA") program. The U.S. Court of Appeals for Veterans Claims ("Veterans Court") affirmed the Board's decision. We affirm the Veterans Court.

BACKGROUND

This case presents questions about the proper interpretation of two statutes, 38 U.S.C. § 1115 and 38 U.S.C. § 3562, and how they interact.

The first statute, section 1115, provides financial assistance in the form of "additional compensation" to disabled veterans to support their dependents. The statute provides, in pertinent part:

Any veteran entitled to compensation at the rates provided in section 1114 of this title, and whose disability is rated not less than 30 percent, shall be entitled to additional compensation for dependents in the following monthly amounts:

(1) If and while rated totally disabled and—

. . . .

(B) has a spouse and one or more children, $259 plus $75 for each child in excess of one;

> . . . .
>
> (F) notwithstanding the other provisions of this paragraph, the monthly <u>amount payable on account of each child who has attained the age of eighteen years and who is pursuing a course of instruction at an approved educational institution shall be $240 for a totally disabled veteran</u>[.]

38 U.S.C. § 1115 (emphasis added).

Mr. Wright is a totally disabled veteran, having been granted a total disability rating based on individual unemployability from the Department of Veterans Affairs ("VA"). He has a wife and two dependent daughters. Pursuant to section 1115(1)(B), the award of disability to Mr. Wright included additional compensation to support his spouse and dependent daughters, one of whom is identified as B.W. In December 2014, the VA explained that Mr. Wright would no longer receive additional compensation to support B.W. after she reached eighteen years of age but noted that B.W. herself "may be eligible for Dependents' Educational Assistance" and provided instructions for how to apply to the program. J.A. 85. DEA benefits are direct payments made to the dependent children of disabled veterans to support their educational pursuits for a maximum period of forty-five months. *See* 38 U.S.C. § 3511(a)(1)(A).

In August 2015, B.W. applied for and received DEA benefits to attend the State University of New York in Albany. B.W. received $1,018 per month of DEA benefits based on her father's status as a disabled veteran. B.W. elected to receive "twice the amount of benefits per month,

but only for 22.5 months, rather than 45 months." *See Wright v. McDonough*, 36 Vet. App. 272, 285 n.11 (2023).[1]

On February 29, 2016, the regional office notified Mr. Wright that, effective August 26, 2015, the VA would cease paying him compensation to support B.W. because she "[wa]s over the age of 18 and in receipt of [DEA] benefits." J.A. 56. The VA predicated this action on 38 U.S.C. § 3562, the second statute at issue here, which is part of the DEA program. Section 3562 provides:

> The commencement of a program of education or special restorative training under this chapter shall be a bar (1) to subsequent payments of compensation, dependency and indemnity compensation, or pension based on the death of a parent to an eligible person over the age of eighteen by reason of pursuing a course in an educational institution, or (2) to increased rates, or additional amounts, of compensation, dependency and indemnity compensation, or pension because of such a person whether eligibility is based upon the death or upon the total permanent disability of the parent.

38 U.S.C. § 3562 (emphases added).

In 2018, B.W. had exhausted her DEA benefits while still attending college. Mr. Wright then filed a claim for additional compensation to support B.W. under section 1115(1)(F) because B.W. was a "child who ha[d] attained the age of eighteen years and who [wa]s pursuing a course of instruction at an approved educational institution." 38 U.S.C. § 1115(1)(F).[2] The regional office denied

---

[1]    Mr. Wright does not argue that B.W. should have received DEA benefits beyond the 22.5 months she received.

[2]    A "child" is defined in relevant part as:

Mr. Wright's request, explaining that, under 38 U.S.C. § 3562, "[o]nce a child has opted for [DEA benefits], that choice is final," and the VA "cannot add them back to the award as a dependent."  J.A. 39.

Mr. Wright filed a notice of disagreement to the Board, which sustained the regional office's decision.  Mr. Wright then appealed to the Veterans Court, which affirmed the Board.  In its decision, the Veterans Court determined that section 3562 permanently barred Mr. Wright from receiving the requested additional compensation under section 1115 once B.W. elected to receive DEA benefits.  *See Wright*, 36 Vet. App. at 295.

Mr. Wright appealed.  We have jurisdiction pursuant to 38 U.S.C. § 7292(a).

### DISCUSSION

"Our jurisdiction to review decisions of the Veterans Court is limited to reviewing legal questions, including 'the validity of any statute or regulation or any interpretation thereof.'"  *Smith v. McDonough*, 112 F.4th 1357, 1360 (Fed. Cir. 2024) (quoting 38 U.S.C. § 7292(c)).  We review legal determinations de novo.  *See id.*

This case presents two questions of statutory interpretation.  The first is whether section 3562 bars a disabled veteran from receiving additional compensation under

---

[A] person who is unmarried and—
>    (i) who is under the age of eighteen years; . . . or
>    (iii) who, after attaining the age of eighteen years and until completion of education or training (but not after attaining the age of twenty-three years), is pursuing a course of instruction at an approved educational institution.

38 U.S.C. § 101(4)(A)(i), (iii).

section 1115(1)(F) once the veteran's child begins receiving DEA benefits. The second is whether, assuming that section 3562 does operate in this way, the bar may be lifted when the disabled veteran's child exhausts his or her DEA benefits.

I

In cases of statutory interpretation, "we will ascertain the best meaning of [the disputed statute] 'by employing the traditional tools of statutory construction; we examine the statute's text, structure, and legislative history, and apply the relevant canons of interpretation.'" *Cook v. Wilkie*, 908 F.3d 813, 817 (Fed. Cir. 2018) (quoting *Delverde, SrL v. United States*, 202 F.3d 1360, 1363 (Fed. Cir. 2000)). We read the statutory language in context, including "the text of the Act of Congress surrounding the [provisions] at issue, or the texts of other related congressional Acts." *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 199 (1993).

As indicated, section 1115(1)(F) entitles a totally disabled veteran to $240 per month "on account of each child who has attained the age of eighteen years and who is pursuing a course of instruction at an approved educational institution." 38 U.S.C. § 1115(1)(F). Section 3562, titled "Nonduplication of benefits," states that "[t]he commencement of a program of education . . . under [chapter 35] shall be a bar . . . to increased rates, or additional amounts, of compensation . . . because of [an eligible person over the age of eighteen who is pursuing a course in an educational institution]." *Id.* § 3562(2).

Mr. Wright argues the nonduplication provision of section 3562(2) does not bar him from receiving additional compensation under section 1115(1)(F) because section 3562 merely bars "a disabled veteran from receiving 'increased rates, or additional amounts, of compensation' <u>after</u> the point at which his child receives DEA benefits, effectively locking in the veteran's total level of

compensation . . . at that point in time." Appellant's Br. 29. He argues that the veteran can continue to receive benefits under section 1115 at the existing level despite section 3562. According to Mr. Wright, the barred increases or "additional . . . compensation" in section 3562 "could come from: an increase in the disabled veteran's disability rating . . . ; Congress's regular cost-of-living adjustments . . . ; or Congress subsequently increasing by a specified sum the amounts listed in § 1115(1)(B), (C), and (F)." Appellant's Br. 40–41.

We reject Mr. Wright's reading of the statute. Here, the statutory text and context demonstrate that the non-duplication bar in section 3562 prohibits all monthly payments to a disabled veteran under section 1115 that the veteran would otherwise receive if his child did not elect to receive DEA benefits.

Pursuant to section 3562, "[t]he commencement of a program of education . . . under [chapter 35] shall be a bar . . . to increased rates, or additional amounts, of compensation" paid to a veteran once a child receives DEA benefits. 38 U.S.C. § 3562(2). Congress defined "compensation" for veterans benefits in part as "a monthly payment made . . . to a veteran because of service-connected disability." *Id.* § 101(13). Section 1115 describes the benefits provided to disabled veterans for the support of dependents as "additional compensation," to be paid in statutorily prescribed "monthly amounts." *Id.* § 1115.

The benefits provided under section 1115 are therefore the "additional . . . compensation" barred by section 3562 because they are "monthly payment[s] made . . . to a veteran because of service-connected disability," described by section 1115 as "additional compensation." This reading accords with the general principle that we do "not lightly assume that Congress silently attaches different meanings to the same term [here, 'additional compensation'] in the

same or related statutes." *Azar v. Allina Health Servs.*, 587 U.S. 566, 574 (2019).

Our conclusion is bolstered by subsection 1 of section 3562 (not applicable because Mr. Wright is still living), which provides that "[t]he commencement of a program of education . . . shall be a bar to . . . subsequent payments of compensation . . . based on the death of a parent to an eligible person over the age of eighteen by reason of pursuing a course in an educational institution." 38 U.S.C. § 3562(1). Separate from the DEA program, the children of deceased veterans are entitled to, among other benefits, "dependency and indemnity compensation," which generally provides financial assistance for their upbringing while they are still minors. *See, e.g.*, 38 U.S.C. §§ 1311, 1313. Subsection 1 ensures (and Mr. Wright does not dispute) that a child of a deceased veteran who elects to receive DEA benefits ceases to receive these benefits from the VA after he or she has made her election. Nothing in the text, structure, or context of the statute suggests that Congress sought to prohibit all further payments to children of deceased veterans while permitting the continuation of payments to disabled veterans, as Mr. Wright suggests, and the legislative history of these provisions shows that that the two provisions are intended to have a common scope and purpose. *See* Pub. L. No. 88-351, § 4, 78 Stat. 297, 298 (1964) (expanding eligibility for educational assistance to include children of disabled veterans in addition to children of deceased veterans).

Mr. Wright argues that our reading of the statute is inconsistent with the general rule that courts "must endeavor to give 'every clause . . . of a statute' an 'independent meaning' where 'possible.'" Appellant's Br. 38 (quoting *Williams v. Taylor*, 529 U.S. 362, 404 (2000)). Mr. Wright argues that Congress must have intended different results in the two subsections of the statute because it used different language across subsections. The phrase "subsequent payments" appears in

subsection 1 but not in subsection 2, which instead bars "increased rates, or additional amounts, of compensation." *Id.*

We disagree. The differences in language are attributable to the fact that the individuals subjected to the respective bars in both provisions are different. In subsection 1, it is the adult child pursuing higher education who is barred from receiving "subsequent payments," whereas in subsection 2, the disabled veteran himself is barred from receiving "increased rates, or additional amounts, of compensation." 38 U.S.C. § 3562. As the Veterans Court correctly recognized, this distinction simply reflects the fact that children of deceased veterans qualify for different benefit programs than disabled veterans. *See Wright*, 36 Vet. App. at 289–90.

We conclude that the nonduplication provision of section 3562 bars a disabled veteran from receiving additional compensation under section 1115(1)(F) once his or her child elects to receive DEA benefits.

## II

We next address whether the nonduplication bar in section 3562 is permanent, or whether after the exhaustion of DEA benefits the disabled veteran can receive additional compensation under section 1115(1)(F).

Mr. Wright contends that any bar imposed on his receipt of additional compensation under section 1115 ceases upon the exhaustion of his daughter's DEA benefits. He suggests that because the nonduplication bar is triggered upon "[t]he commencement of a program of education," 38 U.S.C. § 3562, but the statute is ambiguous as to "when the bar[] . . . lift[s]," disabled veterans should "resume receiving . . . the previously barred veterans benefits" when the reason for the duplication terminates. Appellant's Br. 49. He argues that subsection 2 only applies to bar concurrent

receipt of benefits under section 1115(1)(F) and the DEA program.

We are not persuaded. The statutory text contains no provision allowing for the resumption of benefits. To interpret the statute as imposing only a temporary bar on the receipt of duplicate benefits would run counter to the general principle that courts must "resist reading words or elements into a statute that do not appear on its face." *Bates v. United States*, 522 U.S. 23, 29 (1997). We are especially mindful of this principle where, as here, a clear answer may be found by reading the "words of [the] statute . . . in their context and with a view to their place in the overall statutory scheme." *Sucic v. Wilkie*, 921 F.3d 1095, 1098 (Fed. Cir. 2019) (quoting *FDA v. Brown & Williamson Tobacco Corp.*, 529 U.S. 120, 133 (2000)); *see also Caraco Pharm. Lab'ys., Ltd. v. Novo Nordisk A/S*, 566 U.S. 399, 412 (2012) ("We consider [the interaction of multiple statutory provisions] in the context of the entire statute.").

Here again the language of subsection 1 illuminates the meaning of subsection 2. Under subsection 1, the commencement of the receipt of DEA benefits bars "subsequent payments of compensation . . . based on the death of a parent to an eligible person over the age of eighteen by reason of pursuing a course in an educational institution." 38 U.S.C. § 3562(1). That subsection 1 prohibits, without temporal qualification, all "subsequent payments" to the children of deceased veterans suggests that the bar is permanent. Mr. Wright offers no reason, and we perceive none, for subsection 2's bar (as to "increased rates, or additional amounts, of compensation") for disabled veterans to operate any differently. *Id.* § 3562(2). As before, the legislative history of the DEA program supports the conclusion that the two should be treated the same, as the DEA program originally covered only the children of deceased veterans and was later expanded to include those of disabled veterans.

The legislative history of section 3562 itself confirms our interpretation. The predecessor statute to section 3562 included both a commencement bar and a separate bar to concurrent receipt of benefits for other purposes:

> (a) The commencement of a program of education or special restorative training under this Act shall be a bar to subsequent payments of compensation or pension under any law administered by the Veterans' Administration based on the death of a parent to an eligible person over the age of eighteen by reason of pursuing a course in an educational institution, or of increased rates, or additional amounts, of compensation or pension under any law administered by the Veterans' Administration because of such a person.

> (b) No educational assistance allowance or special training allowance shall be paid on behalf of any eligible person under this Act <u>for any period during which such person is enrolled in and pursuing a course of education</u> or training paid for by the United States under any provision of law other than this Act, <u>where the payment of an allowance would constitute a duplication of benefits</u> paid from the Federal Treasury to the eligible person or to his parent or guardian in his behalf.

Pub. L. No. 84-364, § 502, 70 Stat. 411, 420 (1956) (emphases added).

Although Congress later deleted paragraph (b), resulting in the language that appears in section 3562 today, *see* Pub. L. No. 89-358, § 3(a)(2), 80 Stat. 12, 20 (1966), its presence in the original statute strongly suggests that the language of paragraph (a) (which became the current section 3562) was not dealing with the concurrent receipt of benefits. Stated differently, Congress clearly understood a bar imposed by the "commencement of a program of

education" to be distinct from a bar against only the receipt of concurrent benefits.

Congress continues to draw such distinctions in other veterans benefits statutes. For example, 38 U.S.C. § 3322(e), which applies to certain educational benefits under chapter 33, provides in relevant part, "[a]n individual entitled to educational assistance . . . may not receive assistance under [multiple] provisions <u>concurrently</u>, but shall elect . . . under which provision to receive educational assistance." *Id.* (emphasis added); *see also id.* § 3322(g) (similar). Within that same statute, however, paragraph (f) contains language that is nearly identical to that found in section 3562, and provides that "[t]he commencement of a program of education . . . shall be a bar . . . ." *Id.* § 3322(f). As with section 3562, section 3322(f) shows that the language "the commencement of a program of education" is not the same as a bar to the concurrent receipt of benefits.

We see little merit to Mr. Wright's argument that the heading of section 3562, "Nonduplication of benefits," indicates that Congress was solely concerned with preventing a temporal overlap of benefits, which ceases to exist once a child exhausts his or her DEA benefits. Appellant's Br. 49–50. Although the heading of a statutory provision may provide interpretive guidance to ambiguous terms, it cannot override the meaning of the statutory text itself. *See Merit Mgmt. Grp. v. FTI Consulting, Inc.*, 583 U.S. 366, 380 (2018) ("Although section headings cannot limit the plain meaning of a statutory text, they supply cues as to what Congress intended." (citations and quotation marks omitted)); *Carter v. United States*, 530 U.S. 255, 267 (2000); *see also In re Forest*, 134 F.4th 1198, 1202 (Fed. Cir. 2025). The title of section 3562 cannot carry the weight Mr. Wright places upon it because, as the Veterans Court correctly observed, the word "nonduplication" "does not contain a temporal component—that is, it does not explain <u>when</u> the bar to nonduplication of benefits may end, if at all." *Wright*, 36 Vet. App. at 294.

The statute clearly imposes a permanent bar on a veteran's receipt of additional compensation under section 1115(1)(F) once his or her child begins to receive DEA benefits.

## III

Mr. Wright contends that section 3562 is ambiguous and that we should apply the pro-veteran canon of statutory construction to resolve this ambiguity in his favor, relying on *King v. St. Vincent's Hospital*, 502 U.S. 215 (1991), and *Rudisill v. McDonough*, 601 U.S. 294 (2024). We do not find those cases instructive here. Although *Rudisill* recognized that if the statute at issue "were ambiguous, the pro-veteran canon would favor" the veteran, the Court ultimately answered the question presented based on statutory text alone. 601 U.S. at 314. Likewise, we have determined, based on the statutory text and context of section 3562, that the statute imposes on a veteran a permanent bar to additional compensation under section 1115(1)(F) and is not ambiguous. *See Robinson v. Shell Oil Co.*, 519 U.S. 337, 341 (1997) ("The plainness or ambiguity of statutory language is determined by reference to the language itself, the specific context in which that language is used, and the broader context of the statute as a whole.").

In sum, we conclude that section 3562 imposes a permanent bar on a disabled veteran's receipt of additional compensation under section 1115(1)(F) once the veteran's child elects to receive DEA benefits.[3]

---

[3]    Mr. Wright also argues that he is entitled to additional compensation for B.W. under 38 U.S.C. § 1115(1)(B) notwithstanding the nonduplication bar to the benefits he receives under 38 U.S.C. § 1115(1)(F). This argument appears to be in conflict with the language of subsection (F), but we need not reach the issue because it was not

CONCLUSION

We have considered the remainder of Mr. Wright's arguments and do not find them persuasive.

**AFFIRMED**

Costs

No costs.

---

presented to the Veterans Court. *See Boggs v. West*, 188 F.3d 1335, 1337–38 (Fed. Cir. 1999).